# EXHIBIT "A"

(State Court Documents to Date)

to

## NOTICE OF REMOVAL

*Jeanine Nicosia Conners v. Megan Nicosia*

*C/A No.* _____

State Court C/A No. 2026-CP-10-02917

- Verification of Complaint
- Summons and Complaint with Exhibits A-Q

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

JEANINE NICOSIA CONNERS,

                    Plaintiff,

vs.

MEGAN T. NICOSIA,

                    Defendants.

IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT

CASE NO.: 2026-CP-10-_____

**VERIFICATION OF COMPLAINT**

I, Jeanine Nicosia Conners, being duly sworn and deposed and say: that I have read foregoing Answer and Cross-Claim to be filed in the Charleston County Clerk of Court, in the above referenced matter, and know the contents thereof, and that the same is true to my own knowledge, except to matters therein stated upon information and belief, and as to those I believe it to be true.

AGREE:

_____
Jeanine Nicosia Conners

Sworn and Subscribed before me this
1ST day of June 2026

_____
Notary Public of South Carolina
My Commission Expires: 5/24/2034

GREGORY W. CONNERS
My Commission Expires
NOTARY PUBLIC
May 24, 2034
STATE OF SOUTH CAROLINA

1

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

JEANINE NICOSIA CONNERS,

                        Plaintiff,

vs.

MEGAN T. NICOSIA,

                        Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT

CASE NO.: 2026-CP-10-_____

**SUMMONS**
**(JURY TRIAL DEMANDED)**

**TO:     THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you herewith, and to serve a copy of your Answer to said Complaint on the subscribers at their offices, BREWER LAW FIRM, LLC, P.O. Box 1847, Mount Pleasant, SC 29465, or to otherwise appear and defend, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint, or otherwise to appear and defend, within the time aforesaid, the Plaintiffs in this action will apply to the Court for judgment by default to be rendered against you for the relief demanded in the Complaint.

(Signature on Following Page)

1

BREWER LAW FIRM, LLC

*/s/ Barrett R. Brewer*

_____

Barrett R. Brewer, Esq.
Robert M. Sankey, Esq.
Post Office Box 1847
510 Mill Street #2B (29464)
Mount Pleasant, SC 29465
o: (843) 779-7454
f: (843) 779-7456
e: barrett@brewerlawfirmsc.com
e: bobby@brewerlawfirmsc.com
Attorneys for the Plaintiff

June 2, 2026
Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | CASE NO.: 2026-CP-10-_____ |
| JEANINE NICOSIA CONNERS, | |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MEGAN T. NICOSIA, | |
| Defendants. | |

**TO:    THE ABOVE-NAMED DEFENDANTS:**

**COMES NOW** the Plaintiff, Jeanine Nicosia Conners ("Plaintiff" or "Jeanine"), by and through her undersigned counsel, and for her Complaint against the Defendant, Megan T. Nicosia ("Defendant Nicosia"), alleges and states as follows:

## NATURE OF THE ACTION

1.      This is an action for malicious prosecution, abuse of process, defamation, intentional infliction of emotional distress, and civil conspiracy, arising out of Defendant's sustained, retaliatory, and bad-faith campaign of meritless litigation, fabricated evidence, perjury, and public defamation directed at Plaintiff and Plaintiff's family in retaliation for Plaintiff's lawful and protected reports to law enforcement and to a federally regulated banking institution concerning Defendant Nicosia's own admitted improper conduct concerning that institution.

2.      In connection with the allegations hereunder, Plaintiff is in possession of a June 13, 2023 recorded of Defendant Nicosia publishing to Eric Nicosia (Defendant Nicosia's ex-husband/Plaintiff's brother):

1

I hate your sister [Plaintiff] more than I think I've ever hated anything in my life. If a knife went in her, I would look at her and say 'Fuck You'. That's how much I hate her [Plaintiff] . . . I hope her MS fucking kicks in hardcore . . . I don't care. I don't care. I hate her.

See Ex. A, Transcript of Audio Recording. In FACT, Defendant Nicosia followed through with her plan to cause Plaintiff's Multiple Sclerosis ("MS") to "kick in", as a follows.

3.      February 2024 to the present, Defendant Nicosia has engaged in a volatile divorce proceeding involving Plaintiff's brother, Eric Nicosia, in Orange County, New York. That divorce involved Defendant Nicosia filing at least five separate Family Court Petitions in the Family Court of the State of New York, Orange County against Plaintiff and her immediate family members, and one civil suit in the Supreme Court of Orange County, New York, creating a habit and pattern of abusing the legal system to target Plaintiff and her family.  Ironically, four Petitions "claimed" harassment by Plaintiff and Plaintiff's family, but all six were, in fact, intended to Harass Plaintiff and her family with baseless claims and litigation.  The Petition Defendant Nicosia filed against Plaintiff made false and defamatory allegations against Plaintiff intended to defame and harass Plaintiff and to cause Plaintiff legal expense.

4.      Every one of these NY Family Court and Supreme Court Petitions were either dismissed for lack of merit or abandoned by Defendant Nicosia, which inflicted great hardship, anxiety, stress, and legal fees. On March 23, 2026, In addressing these dismissed Petitions,      Defendant Nicosia was admonished by Hon. Amanda Bradley, NY Family Court, Orange County, against further improper use of the Court system. See Ex. B *Nicosia v. Conners Nicosia*, *State of New York, Orange County Family Court, Family File No. 78702, Docket No. O-00369-26*, March 23, 2026 Decision and Order of Hon. Amanda Brady dismissing TOP against Eric Nicosia.

2

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

5.     Five days later, on Saturday night, March 28, 2026, Defendant Nicosia caused process servers to deliver to Plaintiff's residence in Mount Pleasant, South Carolina, a Verified Summons with Notice. See Ex. C *Nicosia v. Nicosia, Supreme Court of the State of New York, Orange County, Index No. EF003004-2026, Notice of Electronic Filing and Verified Summons with Notice*, filed on or about March 25, 2026 demanding $8,500,000 in damages but containing essentially no specific factual averments and no calculation of damages. The pleading recited only the bare names of causes of action and a single conclusory paragraph, falsely accusing Plaintiff of defaming Defendant Nicosia and falsely accusing Plaintiff of tortiously interfering with Defendant Nicosia's alleged prospective business relations. The false, defamatory, and non-privileged pleading of Defendant Nicosia further summarily and falsely accused Plaintiff of having accused Defendant Nicosia of "domestic violence" and "child abuse" — statements that Plaintiff has never made.   Ironically, but unsurprisingly, it is Defendant Nicosia's publications that are false and defamatory. See id.

6.     After Plaintiff incurred legal expenses and retained counsel, removing the action to the United States District Court for the Southern District of New York, the Federal Court directed Defendant Nicosia to file a Verified Complaint with fact specific allegations by May 8, 2026. Defendant Nicosia never filed the compelled Verified Complaint. Instead, on May 1, 2026, Defendant Nicosia voluntarily dismissed her $8,500,000 action without prejudice. See Ex. D, *Nicosia v. Conners Nicosia, United States District Court for the Southern District of New York, Case: 7:26-cv-03168-JGLC-JCM*, Notice of Voluntary Dismissal filed by Defendant Nicosia, May 1, 2026. The reason for Defendant Nicosia's

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

dismissal is plain: Defendant Nicosia had no factual or legal basis for the filed action and never had any.

7.      Plaintiff was diagnosed with relapsing-remitting multiple sclerosis on March 20, 2020, by a neurologist at the Medical University of South Carolina, and has been continuously treated for that condition since the date of diagnosis. The relapse was aggravated by Defendant Nicosia's actions, as promised by Defendant Nicosia.

8.      Defendant Nicosia's purpose in commencing and prosecuting these frivolous proceedings was not the vindication of any legitimate legal right. Defendant Nicosia's purpose was the ulterior motive of retaliation, intimidation, and harassment, and the deliberate infliction of psychological, physical, medical, and financial harm on Plaintiff, as previously admitted to by Defendant Nicosia.

9.      As a direct and proximate result of Defendant's tortious conduct, Plaintiff has suffered and continues to suffer severe, ongoing harm, including: a documented multiple-sclerosis pseudo-relapse confirmed in writing by Plaintiff's treating neurologist; follicular mucinosis with stress-induced hair loss confirmed by Plaintiff's treating dermatologist; severe emotional distress; significant attorneys' fees and litigation costs; and a profound and continuing disruption of Plaintiff's daily life and the stability of her household and fear for future retaliation, future reputational harm, loss of enjoyment of life, and future intentional infliction of emotional distress.

## PARTIES

10.      Plaintiff Jeanine Nicosia Conners is, and at all times relevant to this Complaint has been, a citizen and resident of Charleston County, South Carolina.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

11.     Defendant Megan T. Nicosia (also known as Megan Quinn) is, on information and belief, a citizen and resident of the State of New York. Defendant Nicosia was, until the entry of a Judgment of Divorce in or about December 2025, the spouse of Plaintiff's only sibling, Eric Nicosia.

12.     Eric Nicosia, Plaintiff's brother, and Leonard Nicosia, Plaintiff's father, are not parties to this action but are referenced herein because Defendant's tortious conduct was directed at Plaintiff in part through legal proceedings filed simultaneously against each of them and because the proceedings against Eric and Leonard form part of the pattern of conduct giving rise to Plaintiff's claims.

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over this case and these parties pursuant to S.C. Code Ann. § 15-72-10.

14.     Venue is proper in Charleston County because the Plaintiff is a resident of Charleston County, South Carolina, acts and/or admissions occurred in Charleston County, South Carolina, and/or the alleged acts of Defendant Nicosia were expressly directed toward Plaintiff in the forum state.

## FACTUAL ALLEGATIONS

**A.     Defendant Nicosia's Actual Knowledge of Plaintiff's Health Conditions and Evidence of Actual Malice.**

15.     From in or about 2016 to December 2025, Defendant Nicosia was married to Eric Nicosia, the only sibling of Plaintiff. Plaintiff is therefore the former sister-in-law of Defendant Nicosia and the paternal aunt of Defendant Nicosia's two minor children.

16.     On March 20, 2020, Plaintiff was diagnosed with relapsing-remitting multiple sclerosis at the Medical University of South Carolina in Charleston, South

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Carolina. Defendant Nicosia was at all relevant times aware of Plaintiff's MS diagnosis and aware of the well-documented relationship between psychological stress and the exacerbation of Plaintiff's MS symptoms. See Ex. A Transcript of June 13, 2023 Audio Recording.

17.    Defendant Nicosia's animus toward Plaintiff is documented in Defendant Nicosia's own words. On June 13, 2023, Defendant Nicosia was recorded in a conversation, which is in Plaintiff's possession and which will be submitted as evidence in this case, in which Defendant Nicosia stated, in substance:

> I hate your sister more than I think I've ever hated anything in my life. If a knife went in her, I would look at her and say Fuck You. That's how much I hate her, and Greg. I hope her MS fucking kicks in hardcore, 'cuz she, to me … I don't care. I don't care, I hate her.

See Ex. A, June 13, 2023 Transcript of Audio Recording.

**18.**    On July 19, 2023, Defendant Nicosia authored an email referring to Plaintiff as a "bitch." See Ex. E, July 19, 2023, Emails between Defendant Nicosia and Eric Nicosia.

## B.   Defendant Nicosia's Past Frivolous Court Filings in the NY Family Court.

19.    In September 2024, the Honorable Justice Klein dismissed Defendant Nicosia's Family Court Petition against Eric Nicosia for Harassment, finding the petition had been filed for harassment and was without merit. Justice Klein's findings put Defendant Nicosia on clear notice as to what constitutes harassment and abuse of the courts. See Ex. F Dismissal Order, Nicosia v. Nicosia, Family File No. 78702, Docket No. O-00940-24.

20.    On January 27, 2026, Defendant Nicosia caused three Family Court petitions to be filed in Orange County, New York — one against Plaintiff (Family File No.

78702; Docket No. O-372-26 (the "Jeanine Petition"), one against Eric Nicosia, and one against Leonard Nicosia, Plaintiff's father. Each petition alleged "harassment" and sought an Order of Protection. See Ex. Q Defendant Nicosia January 27, 2026, Defendant Nicosia's Family Offense Petition Against Plaintiff, *Pet. Nicosia v. Resp. Conners Nicosia, NY State Unified Court System, Orange County, File No. 78702, Docket No. 0-372-26*. Defendant Nicosia caused the Petition Against Plaintiff to be filed with malicious intent to harm Plaintiff.

21.     Defendant Nicosia procured service of the Petition Against Plaintiff on Plaintiff, at Plaintiff's home in Mount Pleasant, South Carolina, at approximately 9:00 p.m. on January 28, 2026. See Ex. G Affirmation of Service.

22.     In the verified Petition against Plaintiff, Defendant Nicosia swore under oath that Plaintiff had harassed Defendant Nicosia.  This publication was false, defamatory, and unfounded.  Defendant Nicosia further falsely swore under oath that Plaintiff "sent threatening text messages to my [Defendant Nicosia's] loan officer threatening legal action." That sworn statement was false, defamatory, and perjurious. Plaintiff did not send any text messages to Defendant Nicosia's loan officer, much less threatening text messages.

23.     Defendant Nicosia's Petition against Plaintiff further falsely alleged under oath that Plaintiff had improperly "interfered" with Defendant Nicosia's refinance despite also alleging that her refinance was not affected and, thusly, could not have been interfered with.  Defendant Nicosia's publications were false and defamatory.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

24.     The filing of the Defendant Nicosia's Petition against Plaintiff caused Plaintiff's MS to flare, consistent with Defendant Nicosia's recorded desire that Plaintiff's MS "fucking kick[] in hardcore." <u>See</u> Ex. A, June 13, 2023 Transcript of Audio Recording.

25.     Plaintiff was forced, while suffering from aggravated MS symptoms, to scramble to retain New York counsel within four business days because the appearance date was February 3, 2026. Plaintiff retained Evan Zucker, Esq., who represented both Plaintiff and Plaintiff's father. Plaintiff incurred attorneys' fees of $3,500 to retain Mr. Zucker.

26.     Plaintiff, through her counsel, promptly moved to dismiss the Petition against Plaintiff, pursuant to CPLR § 3211 for failure to state a prima facie family-offense and for lack of jurisdiction under Family Court Act § 812. <u>See</u> Ex. H, *Pet. Nicosia v. Resp. Conners Nicosia, Family Court of the State of New York, County of Orange, Family File No. 78702, Docket No. 0-372-26*, Feb. 18, 2026, Motion to Dismiss (Evan Zucker). Defendant Nicosia, through her counsel Michael D. Meth, Esq., filed an Affidavit of Defendant Nicosia, publicly republishing the same false and defamatory accusations set forth in the original petition. <u>See</u> Ex. I, *Pet. Nicosia v. Resp. Conners Nicosia, Family Court of the State of New York, County of Orange, Family File No. 78702, Docket No. 0-372-26*, Mar. 4, 2026,  Affidavit in Opposition (Meth).

27.     On March 23, 2026, the Honorable Amanda B. Brady, Family Court Judge, entered Final Orders dismissing the Petition Against Plaintiff for failure to "make any allegations, which, even if viewed in a light most favorable to her, would constitute Harassment in the first degree." <u>See</u> Ex. J, *Pet. Nicosia v. Resp. Nicosia, State of New*

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

*York, Orange County Family Court, Family File No. 78702, Docket No. O-372-26*, Decision and Order of Hon. Amanda Brady, March 23, 2026.

28.    Judge Brady additionally entered written admonition against Defendant Nicosia in a separate order for a related Petition, warning against any further abuse of the courts. See Ex. B, *Nicosia v. Nicosia, State of New York, Orange County Family Court, Family File No. 78702, Docket No. O-00369-26*, March 23, 2026, Decision and Order of Hon. Amanda Brady dismissing TOP against Eric Nicosia.

## C.    The $8,500,000 Verified Summons With Notice (March 25, 2026) and Its Voluntary Dismissal

29.    Five days after the Family Court's March 23, 2026, dismissals and judicial admonition, Defendant Nicosia escalated her retaliation and again directed retaliation, false and defamatory allegations, hostile conduct, malicious prosecution, and abuse of process against Plaintiff in the forum state of South Carolina. On or about March 25, 2026, Defendant Nicosia caused a Verified Summons with Notice to be filed in the Supreme Court of the State of New York, Orange County, captioned *Megan Nicosia v. Jeanine Conners Nicosia, Index No. EF003004-2026* (the "$8.5M Action"). See Ex. C Summons and Complaint.

30.    The Verified Summons with Notice was sworn to by Defendant Nicosia before a notary on March 4, 2026 — nineteen days before Judge Brady's dismissal of the Family Court Petitions, but unfiled until March 25, 2026 — demonstrating that Defendant Nicosia prepared the $8.5M Action in anticipation of the Family Court loss and Judge's dismissal, and stood ready to file it the moment Judge Brady ruled, in order to perpetuate the conduct against Plaintiff.

31. The Verified Summons with Notice, Ex. C, did not contain an actual complaint, and, therefore, the pleading contained insufficient factual averments and specified causes of action. The Verified Summons with Notice contained only the bare names of asserted causes of action ("written defamation, libel, defamation per se, tortious interference with prospective business relations, and per se libel and slander"), a single conclusory recitation, and a demand for $8,500,000 in monetary damages. The pleading set forth no specific facts, no calculation of damages, and no identification of any particular publication, allegedly false statement, or business relationship, such as to constitute a valid and enforceable pleading. See Ex. C, *Nicosia v. Nicosia*, *Supreme Court of the State of New York, Orange County, Index No. EF003004-2026*, Notice of Electronic Filing and Verified Summons with Notice, filed on or about March 25, 2026.

32. The Verified Summons with Notice still managed to falsely accuse Plaintiff of defaming Defendant Nicosia, falsely accused Plaintiff with tortiously interfering with Defendant Nicosia's prospective business relations, and falsely accused Plaintiff of accusing Defendant Nicosia of "domestic violence" and "child abuse" — and other similar false and defamatory accusations Plaintiff has never made, in any forum, public or private. The Verified Summons with Notice was itself false and defamatory, exceeded the scope of any alleged privilege, was done with malicious intent solely to harm Plaintiff without justified legal means or process, and thereby constituted defamation, intentional infliction of emotional distress, malicious prosecution and abuse of process against Plaintiff in the very pleading by which Defendant Nicosia purported to seek redress for own alleged and dubious claim for defamation. See Ex. C, *Nicosia v. Conners Nicosia*, *Supreme Court of*

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

*the State of New York, Orange County, Index No. EF003004-2026*, Notice of Electronic Filing and Verified Summons with Notice, filed on or about March 25, 2026.

33.    Defendant Nicosia caused the Verified Summons with Notice to be served on Plaintiff at Plaintiff's residence in Mount Pleasant, South Carolina, at approximately 9:30 p.m. on Saturday, March 28, 2026. Upon receiving the papers from the process server, Plaintiff's legs gave out at her kitchen island and Plaintiff nearly collapsed in the presence of her husband Greg, who witnessed the event. See Ex. K Ring Camera footage of Process Server at Plaintiff's South Carolina home.

34.    Plaintiff retained Neal Firshberg, Esq., on March 30, 2026, to represent her in the $8.5M Action, and to litigate the Verified Summons and Notice, paying a retainer of $7,500.

35.    On March 31, 2026, Plaintiff's counsel served a Demand for Verified Complaint pursuant to N.Y. CPLR § 3012(b). See Ex. L, *Nicosia v. Conners Nicosia, Supreme Court of the State of New York, Orange County, Index No. EF003004-2026*, March 31, 2026, Demand for Verified Complaint, pursuant to CPLR 3012(b).

36.    On April 14, 2026, Plaintiff caused the $8.5M Action to be removed to the United States District Court for the Southern District of New York. See Ex. M, *Nicosia v. Conners Nicosia, USDC, SDNY, Index No. EF003004-2026,* April 17, 2026, Notice of Removal.

37.    Plaintiff thereafter changed counsel and retained Daniel Szalkiewicz, Esq., requiring a further retainer of $5,000.

38.    On April 29, 2026, Plaintiff's new counsel sent a letter to the assigned federal judge requesting an order compelling Defendant Nicosia to file a Verified

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Complaint. <u>See</u> Ex. N, April 29, 2026, Veridian Legal letter to Hon. Jessica Clarke, re: Demand for Verified Complaint (S.D.N.Y.). The federal court ordered Defendant Nicosia to file a Verified Complaint by May 8, 2026. <u>See</u> Ex. O, April 29, 2026,  Order Granting Demand for  Complaint with Deadline.

39.    Defendant Nicosia never filed the required Verified Complaint. Instead, on May 1, 2026, Defendant Nicosia voluntarily dismissed the $8.5M Action against Plaintiff. <u>See</u>  Ex. P, *Nicosia v. Conners Nicosia, USDC, SDNY, Index No.  EF003004*-2026, Defendant Nicosia Notice of Voluntary Dismissal filed May 1, 2026.

40.    The voluntary dismissal of the $8.5M Action, in the face of a court order to substantiate her claims by Verified Complaint and after Defendant Nicosia's long-running practice of "filing frivolous lawsuits until the other party breaks," constitutes a termination of the proceeding in Plaintiff's favor on the merits, in that Defendant Nicosia abandoned her claims rather than face the requirement of pleading them in conformity with Rule 11 and N.Y. CPLR § 3020.

### D.    Harm to Plaintiff

41.    As a direct and proximate result of Defendant's conduct, beginning in late January 2026 and continuing to the present, Plaintiff has suffered, and continues to suffer, severe and documented physical, emotional, and economic harm.

42.    On February 16, 2026, Plaintiff was examined by neurologist Dr. Andrew Sylvester. Dr. Sylvester confirmed that Plaintiff was experiencing an MS pseudo-relapse triggered by extreme stress, with associated risk of falls and other injury. Dr. Sylvester memorialized his findings in a written letter dated April 9, 2026. On March 6, 2026, Plaintiff underwent a follow-up MRI.

12

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

43.    On March 16, 2026, Plaintiff was examined by the dermatology service at the Medical University of South Carolina for follicular mucinosis with stress-induced hair loss. Plaintiff was prescribed clobetasol shampoo and continues to be treated for that condition.

44.    Plaintiff has experienced ongoing symptoms of weak muscles, memory loss, and depression.

45.    On April 21, 2026, during a work meeting in Dallas, Texas, Plaintiff's colleagues observed Plaintiff being unable to recall common phrases.

46.    In addition to physical and mental injuries, and medical bills and expenses, Plaintiff has incurred substantial attorneys' fees and litigation costs to defend against Defendant's meritless filings, including but not limited to: (i) $3,500 paid to Evan Zucker, Esq.; (ii) $7,500 paid to Neal Firshberg, Esq; and (iii) $5,000 paid to Daniel Szalkiewicz.

47.    Plaintiff has suffered severe emotional distress, including anxiety, fear of further harassment, sleep disturbance, and the constant vigilance of monitoring her home's security cameras for further service of process. Plaintiff has suffered these injuries as well as a loss of enjoyment of life.

48.    Defendant's ensuing campaign of litigation — commencing on January 28, 2026 — has materially impaired Plaintiff's ability to perform in her new largely commission-based role and has caused or contributed to lost income and lost professional opportunity in an amount to be proven at trial.

49.    Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct will continue absent injunctive relief, given Defendant Nicosia's history of filing further actions — including a new Family Court petition against Eric Nicosia

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

filed on April 30, 2026, the day before Defendant Nicosia voluntarily dismissed the $8.5M Action.

## FOR A FIRST CAUSE OF ACTION
### (Malicious Prosecution)

50.    Plaintiff incorporates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

51.    Defendant Nicosia, instituted, continued, or procured the institution of a pattern of baseless litigation aimed and targeted at Plaintiff in the forum state, by service of process, and intended to cause harm to Plaintiff in the forum state: (a) the Petition against Plaintiff (Docket No. O-372-26) in the Family Court of the State of New York, Orange County; and (b) the $8.5M Verified Summons Action (Index No. EF003004-2026) in the Supreme Court of the State of New York, Orange County, removed to the United States District Court for the Southern District of New York. Collectively, these are referred to as the "Proceedings."

52.    To the extent that each proceeding may have been filed by an attorney, the attorney did so at the express direction of Defendant Nicosia.  Each Proceeding was commenced and prosecuted against Plaintiff.

53.    Each Proceeding terminated in Plaintiff's favor: (a) the Petition was dismissed on March 23, 2026, by the Honorable Amanda B. Brady, F.C.J., for failure to state a prima facie cause of action (See Ex. B Final Order ); and (b) the $8.5M Action was voluntarily dismissed by Defendant Nicosia on May 1, 2026, after the federal court ordered Defendant Nicosia to file a Verified Complaint and Defendant Nicosia failed and refused to do so (See Ex. P Notice of Dismissal). The voluntary dismissal of the $8.5M

14

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Action constitutes a termination favorable to Plaintiff because it was an abandonment of the action in circumstances reflecting on the lack of merit of Defendant Nicosia's claims, including Defendant Nicosia's inability and unwillingness to plead the action in compliance with Rule 11 of the Federal Rules of Civil Procedure and CPLR § 3020.

54.     Each Proceeding was instituted and prosecuted without probable cause. Defendant Nicosia had no reasonable belief in the truth of the factual allegations underlying each Proceeding, and no reasonable belief that the alleged conduct gave rise to any legally cognizable claim. With respect to the Jeanine Petition, the alleged "threatening text messages" to KeyBank did not exist; the only communications were two truthful emails reporting Defendant Nicosia's own sworn admissions of mortgage-application misrepresentation. With respect to the $8.5M Action, Defendant Nicosia had no specific facts identifying any actionable defamatory statement, no calculation of damages, and no good-faith basis to assert any of the listed causes of action against Plaintiff.

55.     Each Proceeding was instituted and prosecuted with malice. Malice is established by, among other things: Defendant Nicosia's pre-existing, openly stated wish that Plaintiff's MS would "fucking kick in hardcore"; the publication of facts in legal pleadings by Defendant that are false, and known by Defendant to be false, and other facts that will be uncovered through discovery and proven at trial.

56.     As a direct and proximate result of the malicious prosecution of the Proceedings, Plaintiff has suffered actual and consequential damages, including without limitation: attorneys' fees and costs; reputational harm; severe emotional distress; aggravation of pre-existing medical conditions; embarrassment; humiliation; physical

injury including a documented MS pseudo-relapse; stress-induced follicular mucinosis and hair loss; lost income; lost professional opportunity; loss of enjoyment of life, and other compensable damages in amounts to be proven at trial.

57.   Defendant conduct was willful, wanton, reckless, and malicious, entitling Plaintiff to an award of punitive damages.

**FOR A SECOND CAUSE OF ACTION**
**(Abuse of Process)**

58.   Plaintiff incorporates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

59.   Defendant Nicosia willfully employed the process of the Family Court of the State of New York, Orange County, and the Supreme Court of the State of New York, Orange County (later the United States District Court for the Southern District of New York), in a manner not proper in the regular conduct of those proceedings. Specifically, Defendant Nicosia employed legal process for the ulterior purpose of: (i) retaliating against Plaintiff for Plaintiff's proper and lawful reports to the FBI, the FHFA, KeyBank, and the Orange County District Attorney of factual admissions by Defendant Nicosia under oath; (ii) silencing and intimidating Plaintiff and Plaintiff's family; (iii) inflicting, exacerbating, and accelerating Plaintiff's known multiple-sclerosis condition; (iv) inflicting severe emotional distress on Plaintiff; (v) imposing ruinous attorneys' fees and costs on Plaintiff and her family in the hope that they would "break" and forgo any further prosecution of Defendant Nicosia's admitted criminal conduct.

60.   Defendant had ulterior purposes, separate and apart from the ostensible purposes of the Proceedings. The ostensible purpose of a Family Court Article 8 family-offense petition is to obtain protection from harassment, the elements of which were never

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

properly pled or presented to the Court, not to silence a constitutionally protected report of crime to a District Attorney; the ostensible purpose of a defamation action is to recover for a defamation that has actually occurred, not to retaliate for truthful and protected speech, or speech which never occurred.

61.    Defendant committed willful acts in the use of process not proper in the regular conduct of the proceedings, including without limitation: (a) verifying and filing pleadings containing perjurious factual allegations Defendant Nicosia knew to be false (e.g., the "threatening text messages" allegation); (b) verifying the $8.5M Verified Summons with Notice nineteen days before Judge Brady's dismissal, in order to be ready to file an $8.5M action the moment the Family Court ruled against her; (c) timing service of process to maximize emotional impact on Plaintiff (9:00 p.m. on January 28, 2026, and 9:30 p.m. on a Saturday night, March 28, 2026); (d) directing process servers across state lines to Plaintiff's home with knowledge of Plaintiff's MS diagnosis; and (e) abandoning the $8.5M Action immediately upon the federal court's order to file a Verified Complaint.

62.    Filing groundless and defamatory civil pleadings is not a legitimate or proper process for redressing protected reports of crime.

63.    As a direct and proximate result of Defendant abuse of process, Plaintiff has suffered actual and consequential damages, including without limitation: attorneys' fees and costs; reputational harm; severe emotional distress; aggravation of pre-existing medical conditions; embarrassment; humiliation; physical injury including a documented MS pseudo-relapse; stress-induced follicular mucinosis and hair loss; lost income; lost professional opportunity; loss of enjoyment of life, and other compensable damages in amounts to be proven at trial.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

64.     Defendant's conduct was willful, wanton, reckless, and malicious, entitling Plaintiff to an award of punitive damages.

**FOR A THIRD CAUSE OF ACTION**
**(Defamation and Defamation Per Se)**

65.     Plaintiff incorporates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

66.     Defendant published to third parties false and defamatory statements of fact concerning Plaintiff, including without limitation:

a.  Defendant Nicosia's sworn statement in the verified Petition against Plaintiff (and its supporting oppositions, republications, and exhibits filed thereafter) that Plaintiff had harassed Defendant Nicosia, "sent threatening text messages" to Defendant Nicosia's loan officer at KeyBank — a statement that imputes to Plaintiff the commission of harassment, a criminal offense, and that is therefore defamatory per se;

b.  Defendant Nicosia's sworn statement in the Verified Summons with Notice (Index No. EF003004-2026) that Plaintiff had falsely accused Defendant Nicosia of "domestic violence" and "child abuse" — a statement Defendant Nicosia knew to be false because Plaintiff has never made such accusations in any forum, public or private, and a statement that imputes to Plaintiff dishonesty and the malicious fabrication of crimes;

c.  Defendant Nicosia's sworn statement in the Verified Summons with Notice that Plaintiff had engaged in conduct including tortious interference with contractual

18

relations, when Defendant Nicosia admits that her contractual relations were never interfered with such as to support a viable cause of action; and

d. Defendant Nicosia's republication of the foregoing statements through service of process, public filing in court records open to the public, transmittal to Plaintiff's counsel and to Plaintiff's brother and father (also defendants of Defendant Nicosia's parallel filings), and on information and belief, publication to third parties not party to any proceeding, such as her paramour and acquaintances.

67.   The above allegations of Defendant Nicosia are false and defamatory

68.   Defendant published the foregoing statements with actual malice. Defendant either knew the statements were false or acted with reckless disregard for their truth or falsity. Knowledge of falsity is established by, among other things, Defendant Nicosia's contemporaneous possession of Plaintiff's actual emails to KeyBank (Exhibit A to the Family Court opposition filed by Defendant Nicosia's counsel), which contain no threatening language. Actual malice is further established by Defendant Nicosia's admitted hatred of Plaintiff and wish to cause harm to Plaintiff.

69.   Defendant Nicosia's publications were not privileged and/or Defendant Nicosia exceeded the scope of any alleged privilege by acting with actual knowledge of falsity and/or reckless disregard for the truth, and/or with intent to injure.

70.   The foregoing publications constitute defamation per se because they impute to Plaintiff the commission of crimes and injure Plaintiff in her trade, business, and profession. Plaintiff is therefore entitled to general damages without proof of special damages, and to punitive damages.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

71.     Without admitting that special damages are required, Plaintiff has nonetheless suffered special damages, including loss of income; medical expenses; attorneys' fees; and other economic damages in amounts to be proven at trial.  Plaintiff is also entitled to damages for damages to reputation, character, embarrassment, humiliation, mental stress, anxiety, loss of enjoyment of life and other non-economic damages.

72.     Defendant's conduct was willful, wanton, reckless, and malicious, entitling Plaintiff to an award of punitive damages.

### FOR A FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

73.     Plaintiff incorporates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

74.     Defendant's conduct toward Plaintiff has been so extreme and outrageous as to exceed all possible bounds of decency in a civilized community. The totality of Defendant's conduct includes, but is not limited to: the filing of meritless Family Court petitions; the filing of an $8,500,000 lawsuit on the strength of a sworn pleading containing no specific factual allegations; the strategic timing of process service late at night and on weekends to maximize psychological impact on Plaintiff; and the knowing direction of these tactics at a person known to Defendant to suffer from multiple sclerosis whose condition is exacerbated by stress, and at a household known to Defendant to include a 100% permanently and totally disabled military combat veteran with PTSD and alcohol-use-disorder in recovery.

75.     Defendant intended to inflict emotional distress on Plaintiff or knew, or should have known, that emotional distress was the likely result of their conduct.

20

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Defendant Nicosia's open expression of the wish that Plaintiff's MS would "fucking kick in hardcore" establishes that her intent was specifically to cause Plaintiff physical and emotional harm by exacerbation of her MS condition.

76.    Defendant's conduct, as discussed in all prior paragraphs of the Complaint, and incorporated herein, are so severe and outrageous that no reasonable person should be expected to tolerate the same. The behavior of Defendant Nicosia, was so extreme and outrageous that it goes beyond all possible bounds of decency. It must be regarded as atrocious and utterly intolerable in a civilized community.

77.    Defendant's conduct in fact caused Plaintiff to suffer severe emotional distress. Plaintiff's severe emotional distress is corroborated by the contemporaneous, written findings of Plaintiff's treating neurologist, Dr. Andrew Sylvester (MS pseudo-relapse triggered by extreme stress, with a risk of falls and other injury), and Plaintiff's treating dermatologist at the Medical University of South Carolina (follicular mucinosis with stress-induced hair loss).

78.    Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress and the physical manifestations of that distress.

79.    As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered, and continues to suffer, severe emotional distress with physical manifestations, medical expenses, attorneys' fees, lost income, and other compensable damages in amounts to be proven at trial.  Plaintiff is also entitled to damages for damages to reputation, character, embarrassment, humiliation, mental stress, anxiety, loss of enjoyment of life and other non-economic damages.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

80.     Defendant's conduct was willful, wanton, reckless, and malicious, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeanine Conners respectfully prays for judgment against Defendants Megan T. Nicosia as follows:

A.     For compensatory damages on each Count in an amount to be determined by the jury at trial, but in no event less than the jurisdictional minimum of this Court;

B.     For punitive damages on each Count in an amount sufficient to punish Defendant's willful, wanton, reckless, and malicious conduct, and to deter similar conduct in the future;

C.     For a preliminary and permanent injunction enjoining Defendant, during the pendency of this action, from commencing, prosecuting, or causing to be commenced or prosecuted any further legal action, petition, motion, or proceeding of any kind against Plaintiff or her immediate family without prior leave of an appropriate court of competent jurisdiction;

D.     For a permanent injunction, upon final judgment in this action, permanently enjoining Defendant and any person or entity acting in concert with Defendant from: (i) commencing, prosecuting, or causing to be commenced or prosecuted any further frivolous legal action, petition, motion, or proceeding of any kind against Plaintiff or members of Plaintiff's immediate family (including without limitation Eric Nicosia, Leonard Nicosia, and Gregory Conners) without first obtaining leave from a court of competent

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

jurisdiction upon a showing of probable cause and good faith; (ii) drafting, ghostwriting, or providing material legal assistance with respect to any such action, petition, motion, or proceeding; and (iii) directing the service of any legal process on Plaintiff at Plaintiff's residence between the hours of 6:00 p.m. and 8:00 a.m., or on Saturdays or Sundays;

E.    For reasonable attorneys' fees and costs of this action, as authorized by law and equity;

F.    For pre-judgment and post-judgment interest at the maximum lawful rate; and

G.    For such other and further relief as this Court deems just and proper.

/*s/ Barrett R. Brewer*
Barrett R. Brewer, Esq. (#8081)
Robert M. Sankey, Esq. (#107014)
P.O. Box 1847
510 Mill Street, Suite 2B(29464)
Mount Pleasant, SC 29465
o: (843) 779-7454
f: (843) 779-7456
e: barrett@brewerlawfirmsc.com
e: bobby@brewerlawfirmsc.com
Attorneys for the Plaintiff

Charleston, South Carolina
June 2, 2026

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

# Exhibit A

# Transcript of Audio Recording June 13, 2023

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

stems, Eric.  That's why I'm angry.  Because I chose to live that life with you, and I was planning to, and I said, I chose to do this, I chose to marry him, and it is what it is.  We have kids, and that's my commitment. But the continuous shit with your family drove me (inaudible).

MR. NICOSIA:  Yes, I understand.  I know.

MS. NICOSIA:  And that's it.  It beat me up.  And at that point, I -- I was nothing.  I was becoming nothing.  I was crying at night, I (inaudible).  I was like, how am I gonna spend every Christmas of my life in a room with this person who I know hates me, and I fucking can't -- I hate your sister more than I think I've ever hated anything in my life.

If a knife went in her, I could look at her and say fuck you.  That's how much I hate her and Greg.  I hope her MS fucking kicks in hardcore, because she. to me --

MR. NICOSIA:  Megan --

MS. NICOSIA:  -- I don't care.  I don't care.  I hate her.  You may see anything else in your eyes that had done this, but to me, Jeanine ruined our life.  I would have lived a life with you if she was not in our life at all.  We would have gotten

Ex. B

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

At a term of the Family Court
of the State of New York, held
in and for the County of Orange,
at Goshen, New York on the
23rd day of March, 2026.

**PRESENT: Hon. Amanda B. Brady**

---------------------------------------------------------X

In the Matter of a Proceeding brought under
Article 8 of the Family Court Act

MEGAN NICOSIA,

                    Petitioner,

   -against-

ERIC NICOSIA,

                    Respondent.

---------------------------------------------------------X

**DECISION AND ORDER**
Family File #: 78702
Docket #: O-00369-26

       The following papers were read and considered on this Motion, filed by Respondent, seeking an order dismissing the petition; vacating the temporary order of protection; precluding the petitioner from seeking any further ex-parte orders of protection; sanctioning the petitioner for commencing a frivolous proceeding; and, for costs disbursements, reasonable attorney's fees: Notice of Motion dated February 18, 2026, Memorandum of Law, Attorney Frishberg; Affirmation of Attorney Frishberg, Exhibits; Affidavit in Opposition dated March 4, 2026; Reply Memorandum of Law, Attorney Frishberg.

<u>Background</u>

       This action was commenced on or about January 27, 2026, by the filing of a Family Offense Petition by Petitioner MEGAN NICOSIA against Respondent ERIC NICOSIA. Petitioner alleges that parties were married for nine years and have two children in common. Petitioner alleges that on or about January 24, 2026, the Respondent pulled into her road and drove past her home, turned around, slowed down and recorded her home. Petitioner further alleges that the incident occurred minutes after she left the home. Based on the foregoing, a refrain from Temporary Order of Protection was issued, service upon Respondent was effectuated, and the matter was scheduled for

Ex. B

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

a preliminary proceeding on February 3, 2026, at which time both parties were represented by counsel. The matter is now scheduled for trial on May 19, 2026.

Respondent now moves to dismiss the family offense petition, alleging that Petitioner has failed to set forth the elements necessary to satisfy a finding of Harassment 1st or Stalking, claiming that even if the allegations are taken as true, the petition does not contain any specific allegations that Respondent has committed or attempted to commit any acts which place Petitioner in reasonable fear, alleging that her allegations only contain general conclusions with no specific acts, dates and times and are not supported by non-hearsay evidence. Additionally, Respondent argues that the single incident alleged in the petition does not constitute a course of conduct.

<u>Legal Analysis</u>

On a motion to dismiss a pleading for failure to state a cause of action, the pleading is to be liberally construed, and the court shall accept all the facts to be true and give the allegations the benefit of every favorable inference. See, *Villarin v. Onobanjo*, 276 AD2d 479 [2nd Dept. 2000]; *Iwanow v. Iwanow*, 39 AD3d 476 [2nd Dept. 2007]. In deciding a motion to dismiss, courts must accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. *Leon v. Martinez*, 84 NY2d 83 (1994). In the case at hand, the Court finds, in accepting the facts alleged in the petition as true, and affording them liberal construction, that the facts as alleged by the Petitioner fail to make out a prima facie case.

On the face of the petition, Petitioner alleges one isolated incident where Respondent drove by her home on a public roadway. The alleged facts, giving every possible favorable inference to the Petitioner, fails to establish a course of conduct and the essential elements of either harassment in the first degree or stalking as a matter of law. Petitioner's allegations do not

Ex. B

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

rise to the level of Harassment in the first degree as there are no allegations that Respondent has intentionally and repeated conduct placing another person in "reasonable fear of injury." [New York Penal Law§240.25]. Similarly, stalking in the fourth degree requires conduct "likely to cause reasonable fear of material harm to the physical health, safety, or property" of the victim [New York Penal Law §120.45]. The Petitioner only alleges that the Respondent drove by her home, turned around, slowed down and recorded the home.

Sanctions and Attorney's Fees

The family court is vested with the authority to award counsel fees in proceedings when warranted, based on the particular circumstances of the case. See, *Matter of Lou v. Yang*, 104 AD3d 852 [2nd Dept. 2013]; *Matter of Belle v. DeMilia*, 19 A.D.3d 691 [2nd Dept. 2005]; *Family Court Act* §651 (b); *Domestic Relations Law* §237(b). An award of counsel fees is a matter within the sound discretion of the trial court. *Matter of Luo, supra; Walker v. Walker*, 255 A.D.2d 375 [2nd Dept. 1998]; *Matter of Friedman v. Rome*, 49 A.D.3d 878 [2nd Dept. 2008]. Any such award is to be based upon the financial circumstances of the parties, and the circumstances of the case as a whole, which may include the relative merits of the parties' positions, although it should not be predicated solely on the ultimate outcome. *Matter of Dempsey v. Dempsey*, 78 A.D.3d 1179 [2nd Dept. 2010].

Here, the Court, in its discretionary power to award counsel fees, and having reviewed the circumstances of this case, hereby finds that an award of sanctions and attorney fees is not warranted in this case, and Respondent's motion is denied. The Court does note that these parties recently went through a rather acrimonious divorce but continue to co-parent two young children. The Court must caution both parties that future improper use of the Court system and resources based solely on the high level of animosity that exists between the parties could result in the

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

issuance of sanctions and attorney fees.

Now, therefore and based on the foregoing, it is hereby

ORDERED, that the Respondent's motion to dismiss is granted;  and it is further

ORDERED, that the Temporary Order of Protection issued against Respondent is hereby vacated.

ORDERED, that Respondent's motion, seeking an award of attorney fees and sanctions, is denied.

Dated: Goshen, New York
      March 23, 2026

**E N T E R**

**HON. AMANDA B. BRADY**
Family Court Judge

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON APPELLANT, WHICHEVER IS EARLIEST.

**NOTICE OF ENTRY**

**PLEASE TAKE NOTICE** that the within
Is an ORDER entered in the office
of the State of New York in the County
of Orange on _03 - 23 - 2026_

Chief Clerk of the Family Court

Ex. B

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Order mailed on _____ and to whom mailed:

To:    Neal D. Frishberg, Esq.
       Michael D. Meth, Esq.

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 35 of 98

Ex. C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

MEGAN NICOSIA,

        Plaintiff,

  -against-

JEANINE CONNERS NICOSIA,

        Defendant.

-----------------------------------------------------------------X

Index No.: [_____]
Date Filed: [_____]

**VERIFIED SUMMONS
WITH NOTICE**

**JURY TRIAL DEMANDED**

Plaintiff designates Orange County as the place of trial

The basis of venue is that a substantial part of the events or omissions giving rise to this action occurred in Orange County, New York, including Defendant's transmission and publication of the subject written statements to the Orange County District Attorney and to a Key Bank employee located in Orange County.

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on Plaintiff's counsel at the address set forth below, and to do so within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York.

**YOU ARE HEREBY NOTIFIED** that should you fail to appear, a judgment will be entered against you by default for the relief demanded herein.

**NOTICE:**

**Nature of Action:**
This is an action to recover damages for written defamation, libel, defamation per se, and tortious interference with prospective business relations. The claims arise from Defendant's written communications that she transmitted and published into New York, including to the Orange County District Attorney and to a Key Bank employee, in which Defendant falsely accused Plaintiff of serious criminal and dishonest conduct, including, inter alia, perjury and making false sworn statements, bank related fraud, false statements, tampering with evidence, fabricating evidence, staging proof in judicial proceedings, filing false police reports, domestic violence, child abuse, and falsifying and manipulating financial disclosures in court proceedings.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

FILED: ORANGE COUNTY CLERK 03/25/2026 03:16 PM
NYSCEF DOC. NO. 1

INDEX NO. EF003004-2026
RECEIVED NYSCEF: 03/25/2026

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 36 of 98

Ex. C

Plaintiff alleges that Defendant made the publications with actual malice, including in connection with the divorce proceeding involving Defendant's brother and Plaintiff. Plaintiff further alleges that no criminal charges were brought, and that Key Bank investigated and nevertheless approved issued the loan to Plaintiff notwithstanding Defendant's accusations.

**Relief Sought:**

Plaintiff seeks monetary damages in an amount exceeding the jurisdictional limits of all lower courts, together with interest, costs and disbursements, and such other and further relief as the Court deems just and proper.

For purposes of CPLR 305(b), and in the event of Defendant's default, Plaintiff demands judgment in the sum of $8,500,000.00, together with interest, costs and disbursements, and if recoverable attorneys' fees.

Dated: March 4, 2026
Chester, New York

_____
Michael D. Meth
Meth Law Offices, P.C.
*Attorneys for Plaintiff*
10 Moffatt Lane, Suite 2
P.O. Box 560
Chester, New York 10918
(845) 469-9529

TO:
Jeanine Conners Nicosia
3628 Tidal Flat Circle
Mt. Pleasant, SC 29466

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 37 of 98

Ex. C

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

# VERIFICATION

STATE OF NEW YORK        )
                         )  :ss:
COUNTY OF ORANGE         )

Megan Nicosia, being duly sworn, says that I am the Plaintiff in the above-named Summons with Notice and that, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Megan Nicosia (Mar 4, 2026 16:55:05 EST)
Megan Nicosia

Sworn to before me this
4th day of March, 2026

Notary Public

Michael D. Meth
Notary Public, State of New York
Qualified in Orange County
Registration No.: 02ME6006164
Commission Expires on 07/16/2026

Page 3 of 3

Ex. C

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

# Summons with Notice mdm2. mre

Final Audit Report                                    2026-03-04

| | |
|---|---|
| Created: | 2026-03-04 |
| By: | Merry Eriksson (mre@methlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA-dIbGL1dnikeSNQthw-NxG2KD8CXKOFe |

## "Summons with Notice mdm2. mre" History

🗎 Document created by Merry Eriksson (mre@methlaw.com)
2026-03-04 - 9:52:08 PM GMT

✉ Document emailed to Megan Nicosia (quinny337@hotmail.com) for signature
2026-03-04 - 9:52:12 PM GMT

🗎 Email viewed by Megan Nicosia (quinny337@hotmail.com)
2026-03-04 - 9:54:35 PM GMT

✍ Document e-signed by Megan Nicosia (quinny337@hotmail.com)
Signature Date: 2026-03-04 - 9:55:05 PM GMT - Time Source: server

✔ Agreement completed.
2026-03-04 - 9:55:05 PM GMT


Adobe Acrobat Sign

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 39 of 98

Ex. D

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Megan Nicosia          , | ) | **NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)** |
| Plaintiff(s) | ) | |
| v. | ) | |
| | ) | Case No.:   7:26-cv-03168-JGLC |
| | ) | |
| Jeanine Conners Nicosia  , | ) | |
| Defendant(s) | ) | |
| | ) | |
| | ) | |

### NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) _Megan Nicosia_ and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) _Jeanine Conners Nicosia_ .

Date:  May 1, 2026

*Michael D. Meth*
_____
*Signature of plaintiffs or plaintiff's counsel*

P.O. Box 560
_____
*Address*

Chester, NY 10918
_____
*City, State & Zip Code*

(845) 469-9529
_____
*Telephone Number*

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 40 of 98

Ex. E

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARI

I am plenty capable of explaining the situation and yes when the kids ask why Brennan and Maisie cant come swim at their house, absolutely dad said no.

They are my niece and nephew who are CHILDREN Eric, who have done no harm in life/our life etc.
My family has not done harm to us or you ever.
So yes . It IS different.

You're deliberately keeping your kids from having their cousins over to play who they havent seen in 2 years.
CHILDREN eric. Not a grown adult who does  like children , who didnt invite our kids to her wedding, who TORE US APART, who was a completely bitch to me for years.

Yes. It is different.

I dont intrude on your family time at the shore etc
Youre really going to give me a hard time with my brother visiting who hasnt been in ny in years?!


Thanks.

Sent from my iPhone

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
MEGAN THERESA NICOSIA,

Petitioner,

DECISION

-against-

FF# 78702
Docket# O-00940-24

ERIC NICOSIA,

Respondent.
-------------------------------------------------------------------X

Klein, Carol S., FCJ, Presiding.

The Petitioner filed a Family Offense petition on 2/28/24 alleging the Respondent committed the family offenses of Harassment in the 1st or 2nd degree, and Stalking.

The Respondent filed a motion to dismiss the petition on 4/10/24. The Petitioner filed opposition on 4/29/24 and the Respondent replied on 6/6/24.

The Court is dismissing Petitioner's 2/28/24 petition. The contents of the Petition, even if taken as factually accurate, and in the best light for Petitioner, do not support claims of harassment 1st or 2nd, or Stalking.

The Petitioner numbered her allegations 1 through 5 as part of paragraph 3 of the petition form. The Court will refer to those allegation numbers for consistency.

## ALLEGATIONS # 2, 4 AND 5

The Court notes also that Petitioner previously made claims that were identical or nearly identical to at least three of the five specific "numbered" allegations (#s 2, 4 and 5) as part Petitioner's unsuccessful application for exclusive occupancy in Supreme Court.

Allegations 2, 4 and 5 were rejected in the context of the Supreme Court proceeding for exclusive occupancy. Allegation # 2 claims that the respondent recorded the petitioner in the marital residence using cameras and used "listening devices" inside the house. This allegation was specifically discussed in the Supreme Court's 12/23 decision. Allegation # 4 claims that respondent had knives in the night stand which "were moved" after Petitioner "made a motion".

Petitioner made this allegation in her Supreme Court motion for exclusive occupancy, which was denied..    Allegation # 5 claims Respondent has "narcotics in the home" which she "fears he may use/place in my food/drink".  Petitioner also made this allegation in her Supreme Court motion for exclusive occupancy which (again) was unsuccessful.  The Supreme Court noted the repetitive nature of the allegations of wrongdoing in its comments on the record on 3/6/24[1].

The 12/23 decision has res judicata effect in this matter regarding allegations 2, 4 and 5, and as such those claims are dismissed.

## ALL CLAIMS #1, #2, #3, #4, & #5

Even if the Supreme Court exclusive occupancy decision didn't have any res judicata effect, the allegations, if taken as true, do not swear out Harassment 1st or 2nd, or Stalking.

Pursuant to Penal Law § 240.25, a person commits Harassment in the First Degree when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury.

A person commits harassment in the second degree when (in pertinent part), "with intent to harass, annoy or alarm another person, . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). Matter of Lynn TT. v Joseph O., 129 A.D.3d 1129, 10 N.Y.S.3d 702; (3d Dept 2015).

Stalking in the fourth degree, a family offense under Family Ct Act § 812(1), requires proof that a person intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct is likely to cause reasonable fear of material harm to the physical health, safety or property of such person or causes material harm to the mental or emotional health of such person, where such conduct

---

[1]Although allegation #1 contains conduct that postdates the Court's 12/23 decision, it is repetitive in that it also refers to cameras in and about the marital residence.  In the 12/23 decision, the Court did specifically address nearly identical claims made in allegation #2.   In its 3/6/24 colloquy, the Court noted with frustration the fact that both parties kept repeating allegations ".....the motions that are being filed here are just repeated, the same stuff asked for over and over again.  Its been denied" (3/6/24 transcript,  p.3, lines 16-18).

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

consists of following, telephoning or initiating communication or contact with such person and the actor was previously clearly informed to cease that conduct (Penal Law § 120.45(1), (2)).

Taking the allegations 1 through 5 in their best light and most favorable to Petitioner, none of the elements of Harassment (1st or 2nd degree) or Stalking (4th degree[2]) are sworn out. There is no course of conduct or behavior (repeated or otherwise) alleged by Petitioner that would satisfy Penal Law § 240.25 or Penal Law § 240.26 [3] or any of the Stalking provisions of the Penal Law. Although intent can be inferred from specific conduct, that cannot be said from the conduct alleged here. None of the conduct alleged is intrinsically criminal unless one engages in speculation. The Court is declining to address the issue of "legitimate purpose" as in many respects, that is within the purview of the ongoing matrimonial.

Allegation #3 is dismissed as it states no family offense of any kind. It only refers to a police report that the Petitioner claims to have filed, without making any specific allegations whatsoever as to the contents of that report.

So Ordered.

Dated: September 10, 2024
Goshen, NY

Hon. Carol S. Klein, FCJ

NOTICE OF ENTRY
PLEASE TAKE NOTICE that the within is an order entered in the office of the Clerk of the Family Court of the State of New York in the County of Orange on

9|13|2024

Chief Clerk of the Family Court

---

[2]Stalking 4th degree through Stalking 1st degree requires intent and a course of conduct.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 44 of 98

Ex. G

IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ORANGE

| | | |
|---|---|---|
| **MEGAN NICOSIA** | | Hearing Date: |
| | Plaintiff/Petitioner | INDEX NO:  **EF003004-2026** |
| VS. | | Index Date:  **03/25/2026** |
| **JEANINE CONNERS NICOSIA** | | AFFIRMATION OF SERVICE OF: |
| | Defendant/Respondent | VERIFIED SUMMONS WITH NOTICE; NOTICE OF ELECTRONIC FILING |

Received by **Eduardo Alves da Costa Neto**, on the **27th day of March, 2026 at 2:46 PM** to be served upon **Jeanine Conners Nicosia** at **3628 Tidal Flat Cir, Mount Pleasant, Charleston County, SC 29466**.

The undersigned, affirms: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **28th day of March, 2026 at 9:23 PM** at the address of 3628 Tidal Flat Cir, Mount Pleasant, Charleston County, SC 29466, this affiant served the **VERIFIED SUMMONS WITH NOTICE; NOTICE OF ELECTRONIC FILING** upon **Jeanine Conners Nicosia** in the manner described below:

**PERSONAL SERVICE**, by personally delivering **1** true and correct copy(ies) of the **VERIFIED SUMMONS WITH NOTICE; NOTICE OF ELECTRONIC FILING**, with the date and hour of service endorsed thereon by this affiant, to the named defendant.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Jeanine Conners Nicosia, I delivered the documents to Jeanine Conners Nicosia with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired white female contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

**The undersigned asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and was told defendant and/or present occupant was not.**

I affirm, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed on ___03/30/2026___.

**Eduardo Alves da Costa Neto, SC**

ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/28
147 Prince St, Suite 4-6, Brooklyn, NY 11201

Page 1 of 1
FOR: **Meth Law**
REF: **Nicosia**

Tracking #: **0215784641**

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
MEGAN NICOSIA,

                      Petitioner,

          -against-

JEANINE CONNERS NICOSIA,

                    Respondent.
------------------------------------------------------------------X

**NOTICE OF MOTION**

Family File No.: 78702
Docket No.: O-372-26

      **PLEASE TAKE NOTICE,** that upon the annexed the Affirmation of Evan D. Zucker, Esq., attorney for the Respondent, dated February 18, 2026, all the exhibits annexed hereto, and all proceedings heretofore in this matter, the undersigned will move this Court at the Family Court, at the Orange County Government Center located at 285 Main Street, Goshen, New York before the Hon. Amanda Brady, JFC, on the 9th day of March, 2026 at 9:00 o'clock in the morning of that day or as soon thereafter as counsel can be heard, for an Order dismissing the petition in this matter together with such other and further relief as the Court deems just, proper, and equitable;

      **PLEASE TAKE FURTHER NOTICE,** that, pursuant to CPLR Section 2214(b), answering papers, if any, must be served upon the undersigned at least two (2) days before the return date of this motion.

Dated: February 18, 2026
      Goshen, New York

                            _____
                            Evan D. Zucker, Esq.
                            Zucker Law Offices, PC
                            *Attorneys for Respondent*
                            140 Main Street
                            Goshen, NY 10924
                            (845) 567-1002

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917



FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------------X
MEGAN NICOSIA,

                        Petitioner,

          -against-

JEANINE CONNERS NICOSIA,

                        Respondent.
----------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS**

Family File No.: 78702
Docket No.: O-372-26

Evan D. Zucker, Esq., an attorney admitted to the practice of law in the State of New York, affirms under the penalties of perjury the following.

1.      I am the attorney for the Respondent and, as such, am fully familiar with the facts and circumstances surrounding this matter. I make this Affirmation in support of the instant motion to dismiss the petition filed by MEGAN NICOSIA which requests that the Court "determine the respondent committed one or more of the family offense(s) alleged; enter an order of protection, specifying conditions of behavior to be observed by the respondent under FCA 842: Stay away from petitioner; Stay away from petitioner's home; Stay away from petitioner's workplace; Do not menace, harass, assault, or commit any family offenses against petitioner or petitioner's children; No communication and no contact through social media; No third-party contact" Respondent respectfully requests that the Court issue an Order dismissing the petition under Docket Number O-372-26 (a copy of which is annexed hereto as **EXHIBIT A**) and for such other and further relief as this Court may deem just and proper.

**A MOTION TO DISMISS IS APPROPRIATE IN THE CONTEXT OF A DEFECTIVE FAMILY OFFENSE PETITION**

2.      Under CPLR 3211(a), "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that … (2) the court has no jurisdiction of the

1

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

subject matter of the cause of action; or … (7) the pleading fails to state a cause of action." The Court has also held that a motion to dismiss pursuant to CPLR 3211 is proper in response to a family offense petition. *Cote v Berger*, 112 AD3d 821, 822 [2d Dept 2013] ("a motion to dismiss pursuant to CPLR 3211(a)(7) [] is proper here, in that family offense proceedings under Family Court Act article 8 are civil in nature") Petitioner's motion should be dismissed for lack of jurisdiction as well as for failure to state a cause of action.

### THE PETITION UNDER DOCKET NO. O-372-26 SHOULD BE DISMISSED FOR A LACK OF JURISDICTION

3. The Family Court has jurisdiction to adjudicate Family Offense proceedings when a defined criminal act is committed "between spouses or former spouses, or between parent and child or between members of the same family or household." Family Court Act § 812 [McKinney]. The Family Court Act defines "members of the same family or household" to mean:

> "(a) persons related by consanguinity or affinity; (b) persons legally married to one another; (c) persons formerly married to one another regardless of whether they still reside in the same household; (d) persons who have a child in common regardless of whether such persons have been married or have lived together at any time; and (e) persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time." Family Court Act § 812 [McKinney]

4. It is undisputed that the parties are not former spouses, parent and child, legally married to one another, formerly married to one another, are or have been in an intimate

2

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

relationship, nor do they have a child in common. As such, the Court must therefore determine whether the ex-wife of Respondent's brother is a sufficient relationship to be considered related by consanguinity or affinity under the law.

5.    The petition alleges that the parties are related "…by blood or marriage (specify): THE RESPONDENT IS THE PETITIONER'S EXHUSBAND'S SISTER (PETITIONER'S EX-SISTER-IN-LAW"

6.    The court has held that "For a relationship to be "intimate" within the meaning of the statute, it must be direct, not one that is based upon multiple degrees of separation or that exists only through a shared connection with a third party. Were it otherwise, there would be virtually no limit to the number and kinds of relationships that would come within Family Court's protective jurisdiction." *Matter of Mark W. v Damion W.*, 25 Misc 3d 1148, 1151 [Fam Ct 2009]\

7.    Similarly, the court has upheld the dismissal of a Family Offense petition when the court found "The parties have no direct relationship and are only connected by virtue of the fact that the petitioner and the respondent's brother, who are not and never were married, have a child together. Here, the petitioner and the respondent have never lived together, and the petitioner and the respondent's brother are no longer living together. The interactions between the petitioner and the respondent over the approximately five years that they have known each other have been infrequent at most." *Seye v Lamar*, 72 AD3d 975, 977 [2d Dept 2010]

8.    In addition, the court has held that "Petitioner's claim that he was the boyfriend of respondent's sister, and a friend of respondent, was insufficient to establish an "intimate relationship" within the meaning of Family Court Act § 812(1)(e) so as to afford the Family Court jurisdiction over this matter." *Tyrone T. v Katherine M.*, 78 AD3d 545 [1st Dept 2010]

3

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

9.    Lastly, in *Riedel v Vasquez*, 88 AD3d 725, 727 [2d Dept 2011], the court held the Family Court did not have jurisdiction over a Family Offense Petition between parties that were connected only by a relationship with a third party.  This Court should similarly find that since there is no relationship between these parties and dismiss this petition.

10.    All of these cases make crystal clear that this court lacks jurisdiction over this matter as Petitioner alleges only that she is related to Respondent because she is the sister of Petitioner's ex-husband.  She does not allege sufficient facts to allow this court to determine that there is an intimate relationship as contemplated by FCA § 812.  As such, this action must be dismissed.

### THE PETITION UNDER DOCKET NO. O-372-26 SHOULD BE DISMISSED SINCE IT FAILS TO STATE A CAUSE OF ACTION

11.    Petitioner has the burden of proving the family offense by "a fair preponderance of the evidence."  FCA § 832.  Petitioner alleges only that Respondent committed the following Family Offenses: Harassment in the First or Second Degree.  As will be argued below, Petitioner failed to allege sufficient allegations that would allow her to meet her burden at trial in proving any one of those allegations.

12.    The law holds that "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: (1) He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or (2) He or she follows a person in or about a public place or places; or (3) He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." Penal Law § 240.26 [McKinney]

4

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

13.    Petitioner fails to allege that Respondent intended his behavior to harass, annoy, or alarm her.  Petitioner fails to allege any acts of violence as described in Penal Law § 240.26(1).  Petitioner fails to allege that she was followed by Respondent in public as described in Penal Law § 240.26(2).  The Court has held that "the term "course of conduct" may reasonably be interpreted to mean a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." *People v Payton*, 161 Misc 2d 170, 174 [Kings Cty Crim Ct 1994] Petitioner makes no such allegation, nor could her allegations be construed to fit this definition.  Petitioner has failed to allege anything which would constitute Harassment in the Second degree.  Since she failed to set forth any allegations to substantiate this accusation in her petition, it must be dismissed.

14.    The law holds that "A person is guilty of harassment in the first degree when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury."  Penal Law § 240.25 [McKinney]

15.    Petitioner does not allege repeated harassment where Respondent followed her in or about a public place.  Petitioner does not allege how Respondent's actions put her in reasonable fear of physical injury.  As noted above, Petitioner fails to allege a course of conduct.  It is quite clear that Petitioner does not make any allegations which, even if viewed in the light most favorable to her, would constitute Harassment in the First Degree.

16.    The penal law defines "physical injury", as set forth in Penal Law § 120.50, as "…impairment of physical condition or substantial pain.  Penal Law § 10.00 [McKinney] Petitioner does not allege any action that would reasonably cause her to fear that Respondent was

5

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

cause her physical injury.  Based on the foregoing, Petitioner cannot possibly carry her burden at trial in proving that Respondent committed the Family Offense of Harassment in the First Degree.

17.     Petitioner includes in her petition only conclusory statements based entirely on hearsay statements.  Such information cannot form the basis for a family offense petition.  The Court has dismissed petitions where the allegations consisted only of consisted of "hearsay allegations or generalized bad behavior by respondent which did not rise to the level of any criminal act specifically enumerated in Family Ct. Act § 821." *Charles E. v Frank E.*, 72 AD3d 1439, 1441 [3d Dept 2010].

18.     Based upon the foregoing, this petition should therefore be similarly dismissed.

### Counsel Fees

19.     Respondent should be awarded counsel fees in this matter.  The courts of this State have the power to award expenses and counsel fees to any party or to an attorney that result from frivolous conduct. The Rules of the Chief Administrator, 22 NYCRR §130-1.1 (a) provides in relevant part:

> "The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the Court·. . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this part."

20.     22 NYCRR 130-1.1 (c) indicates that "for purposes of this Part, conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false." It is respectfully submitted that the Petitioner, MEGAN NICOSIA's, conduct is sanctionable under 22 NYCRR 130-1.1(c)(2).

21.     Petitioner, MEGAN NICOSIA's, conduct was frivolous, willful and a sufficient basis for the court to award Petitioner attorney's fees under 22 NYCRR 130-1.1(c)(2).  Petitioner, MEGAN NICOSIA, brought this action and refused to withdraw same at the preliminary conference in this matter primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another Respondent, JEANINE CONNERS NICOSIA.  It should be noted that Petitioner has used Family Offense petitions in similar fashion against her husband, against who she also filed a Family Offense Petition which remains pending at this time, and same were dismissed.  In that decision, issued on or about September 10, 2024 under Family File No. 78702 and Docket No. O-00940-24, Hon. Carol S. Klein, FCJ makes clear that her allegation are insufficient and references that several allegations were dismissed under prior decisions made by the court.  Petitioner is fully aware that her petition is meritless and brought this action spitefully to antagonize Respondent and her family, as she has been doing for years.  Further, while petitioner clearly filed this application and retained counsel later, she had the opportunity to withdraw this action at the preliminary conference but refused to do so despite the law being abundantly clear on this issue. Therefore, Respondent, JEANINE CONNERS NICOSIA, is entitled to counsel fees under 22 NYCRR 130-1.1(a).

22.     It is respectfully requested that Respondent be awarded attorney's fees in the amount of $3,500.00, with leave to make additional applications for fees in the event that additional billing is required.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

**WHEREFORE,** it is respectfully requested that the Petition dated January 27, 2026 under

Docket Number O-372-26 be dismissed, that all temporary relief granted thereon be vacated, and

that Respondent be granted such other and further relief, as this Court may deem just and proper.

Dated: February 18, 2026
      Goshen, New York

                                 _____
                                 Evan D. Zucker, Esq.
                                 Zucker Law Offices, PC
                                 *Attorneys for Respondent*
                                 140 Main Street
                                 Goshen, NY 10924
                                 (845) 567-1002

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

# EXHIBIT A

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

New York State Unified Court System

# Family Offense Petition

RECEIVED
ORANGE CO. FAMILY COURT

UCS-FC 8-2 (04/2025)
Page **1** of 7
nycourthelp.gov

Ex. H

**Family Court**
**County of** ORANGE

2026 JAN 27 AM 11:14

**Petitioner** (name of the person filing the case):
**MEGAN NICOSIA**

**Respondent** (name of the person you are filing against):
**JEANINE CONNERS NICOSIA**

**File #:** 78702

**Docket #:** O-372-26

---

## 1. Petitioner address

Should your address be kept confidential?    ☐ Yes  ☒ No

> **NOTE:** DO NOT list your address if it should be kept confidential. Ask the court clerk for a Request for Address Confidentiality (GF-21).

Physical address: 4 HENRY CLOSE WARWICK NEW YORK 10990

Mailing address: SAME

## 2. Respondent address

> **NOTE:** DO NOT list a respondent's address if the court has ordered that it is confidential.

Physical address: 3628 TIDAL FLAT CIRCLE MT PLEASANT SOUTH CAROLINA 29466

Mailing address: SAME

## 3. Relationships

I am related to the respondent as follows: [check all that apply]

☐ we **are** married                    ☐ we **were** married

☐ we have a child in common             ☐ we are parent and child

☒ we are related by blood or marriage (specify):__THE RESPONDENT IS THE PETITIONER'S EX-HUSBAND'S SISTER (PETITIONER'S EX-SISTER-IN-LAW)_____

| Select the relationship: | Specify the relationship: |
|---|---|
| ☐ we **are** in an intimate relationship (NOT casual, social, or business acquaintances) | _____ _____ |
| ☐ we **were** in an intimate relationship (NOT casual, social, or business acquaintances) | _____ _____ |
| ☐ I am related by blood or marriage to a person who **is** in an intimate relationship with the respondent (NOT a casual, social, or business relationship) | _____ _____ _____ _____ |
| ☐ I am related by blood or marriage to a person who **was** in an intimate relationship | _____ |

---



**ADA Accommodations**
ada@nycourts.gov

**Spoken or Sign Language Interpreters**
interpreter@nycourts.gov

**COURT Help** 1-800-COURT-NY
(268-7869)

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

with the respondent (NOT a casual, social, or
business relationship)

☐ we live together     ☐ we lived together in the past     ☒ we never lived together

☐ Petitioner is an agency, association, society, or institution and is filing under FCA 822(b).

☐ I am a peace officer and am filing under FCA 822(c).

---

**4. Offenses Alleged**

☒ The respondent may have committed one or more of the following family offense(s) against me and/or my child(ren):

| | |
|---|---|
| Aggravated harassment in the second degree | XHarassment in the first degree |
| Attempted assault in the second degree | Harassment in the second degree |
| Attempted assault in the third degree | Identity theft in the first degree |
| Assault in the second degree | Identity theft in the second degree |
| Assault in the third degree | Identity theft in the third degree |
| Coercion in the second degree (subdivisions 1, 2 or 3) | Menacing in the second degree |
| Criminal mischief | Menacing in the third degree |
| Criminal obstruction of breathing or circulation | Reckless endangerment |
| Disorderly conduct | Sexual abuse in the second degree (subdivision 1) |
| Forcible touching | Sexual abuse in the third degree |
| Grand larceny in the first degree | Sexual misconduct |
| Grand larceny in the second degree | Stalking |
| Grand larceny in the third degree | Strangulation |
| Grand larceny in the fourth degree | Unlawful dissemination or publication of intimate images |

**Give the details of the offense:**

Date: ____ / ____ / _____      Time: ____ : ____    ☐ AM    ☐ PM

Location: _____

Who was injured: _____

Injuries suffered: _____

Weapons used (if any): _____

**Briefly describe what happened:** [use an extra sheet if you need more space]

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 57 of 98    Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

THE PETITIONER STATES THE RESPONDENT IS HER EX-SISTER-IN-LAW AND (OCTOBER 30, 2025) THE PETITIONER STATES THE RESPONDENT SENT TO KEY BANK PERSONAL AND FINANCIAL INFORMATION OF HER'S. THE PETITIONER STATES THE RESPONDENT WAS ABLE TO OBTAIN THIS INFORMATION FROM THE DIVORCE TRIAL THAT THE RESPONDENT ATTENDED. THE RESPONDENT WAS ATTEMPTING TO SABOTAGE A REFINANCING OF THE PETITIONER'S HOME. THE PETITIONER ALSO STATES THE RESPONDENT SENT THE KEY BANK LOAN OFFICER THREATENING TEXT MESSAGES THREATENING LEGAL ACTIONS AGAINST KEY BANK.

THE PETITIONER STATES THE RESPONDENT IS INTIMIDATING AND AT THE TIME WAS ATTEMPTING TO FURTHER CAUSE PROBLEMS FOR HER WITH KEY BANK AND THE REFINANCING OF THE MARITAL HOME. THE PETITIONER STATES THE RESPONDENT IS UPSET BECAUSE HER BROTHER (PETITIONER'S EX-HUSBAND) HAS TO PAY CHILD SUPPORT AND THAT THE PETITIONER WAS ABLE TO GET THE HOUSE THROUGH THE DIVORCE.

THE PETITIONER STATES SHE WANTS THE RESPONDENT TO STAY AWAY FROM HER AND HER HOME AND TO REFRAIN FROM ALL FORMS OF HARASSMENT AND HARASSING COMMUNICATION TOWARDS HER.

## 5. Criminal Complaints

I have filed a criminal complaint concerning these incident(s):  ☐ Yes  ☒ No

If yes, provide the following information: [use an extra sheet if you need more space]
If no, skip to Question 6.

Court name:

Docket number: _____

Date filed:    __ / __ / __

Charge(s): _____

Status of case:    ☐ Pending    ☐ Finished

## 6. Household Members

[Check all that apply; use an extra page if you need more space]

☐ **I have no children and there are no children living in my household**

☒ **The following children live with me** [include children who are not yours]

| Child Name | Date of Birth | Relationship to me | Relationship to respondent |
|---|---|---|---|
| Riley Nicosia | 9-2-2018 | Daughter | Niece |
| Brayden Nicosia | 9-1-2020 | Son | Nephew |
| | | | |

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

☐ **The following children are mine but do not live with me**

| Child Name | Date of Birth | Relationship to respondent | Child lives with: |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### 7. Family Offenses Against Child(ren)

Did the respondent commit a family offense listed in Question 4 against any child(ren) listed above?

☐ Yes   ☒ No

If Yes, list child's name and the offense: [use an extra page if you need more space] if No, skip to Question 8]

| Child Name | Alleged Offense |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

### 8. Safety of Petitioner, Child(ren), Members of Family

**Has respondent acted in a way you consider dangerous or threatening to you, your child(ren), or any member of your family?** ☐ Yes   ☒ No

If yes, explain: _____

**Has the respondent violated an Order of Protection issued on behalf of you or members of your family or household?** ☐ Yes   ☒ No

If yes, explain: _____

**Does respondent own or have access to firearms?** ☐ Yes   ☒ No

If yes, explain: _____

**Does respondent have a firearms license?** ☐ Yes   ☒ No

If yes, provide:

License or permit number:

Issuing county:

Guns/pistols listed:

**Does respondent have a pending application for a firearms license?**

☐ Yes   ☒ No

**Does respondent carry a firearm on their job?** ☐ Yes   ☒ No

If yes, explain: _____

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 59 of 98

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026GP1002917

**Respondent threatened the following with a firearm or dangerous instrument or object [check all that apply]:**

☐ Me

☐ My child(ren)

☐ A member(s) of my household (list names): _____

_____

**Describe the incident:**

**Is there is a substantial risk that respondent would use or threaten to use a firearm or dangerous instrument or object against you, your child(ren) or member of your household?**

☐ Yes        ☒ No

If yes, explain: _____

**The following court cases are pending between the respondent and me:**
[use an extra page if you need more space]

| Docket/Index number | Court name | Court location | Case type |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

**Respondent has the following criminal convictions:** [use an extra page if you need more space]

| Docket Number | Court name and location | Conviction Charge | Conviction Date | Sentence |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |

**I am seeking protection for pets**    ☐ Yes    ☒ No

If yes, specify the names and types of pets in the household [use an extra page if you need more space]:

| Pet Name | Type of Pet | Threatened or Attempted to Injure or Injured Pet | If yes, explain: |
|---|---|---|---|
| | | ☐ Yes    ☐ No | |

2:26cv-02062-RMG   Date Filed 07/02/26   Entry Number 1-1   Page 60 of 98

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

| | | ☐ Yes  ☐ No | |
| | | ☐ Yes  ☐ No | |
| | | ☐ Yes  ☐ No | |

## 9. Previous Application for Relief

Have you made any previous application to any court or judge for the relief (an order or finding of aggravated circumstances) requested in this petition?   ☐ Yes   ☒ No

If yes, specify: [use an extra page if you need more space]; if No, skip to Question 10

| Date | Court name and location | Relief granted |
|------|------------------------|----------------|
| | | |
| | | |
| | | |

## 10. Petitioner's Request for Relief

I respectfully request this court to:

☒ determine the respondent committed one or more of the family offense(s) alleged

☒ enter an order of protection, specifying conditions of behavior to be observed by the respondent under FCA 842:

    ☒ Stay away from petitioner

    ☒ Stay away from petitioner's home

    ☒ Stay away from petitioner's workplace

    ☒ Do not menace, harass, assault, or commit any family offenses against petitioner or petitioner's children

    ☒ No communication and no contact through social media

    ☒ No third-party contact

    ☐ Surrender firearms

    ☐ enter a finding of aggravated circumstances

☐ enter a temporary order of child support under FCA 828(4)

☐ enter an order directing the parties to appear within seven business days of the filing of this petition for consideration of an order of temporary spousal support under FCA 828(5)

and order other and further relief as the court decides is just and proper.

## 11.  Petitioner's Name and Signature

Megan Nicosia

Print or Type Petitioner's Name          Petitioner's Signature          __1__ / __27__ / __2026_____
                                                                              Date

## 12.  Lawyer Information

I assisted the petitioner with their paperwork:   ☐ Yes   ☐ No

I will represent the petitioner in court:   ☐ Yes   ☐ No

_____          ___ / ___ / _____

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 61 of 98

Ex. H

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Print Lawyer Name                    Lawyer Signature                    Date

_____

Lawyer Address

(_____) _____-_____

Lawyer Phone                         Lawyer Email

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

# METH LAW OFFICES, PC

POST OFFICE BOX 560, 10 MOFFATT LANE, SUITE 2, CHESTER, NEW YORK 10918

**Tel 845-469-9529**                                                    **Fax 845-913-9565**

March 4, 2026

*Sent via email*

Hon. Amanda B. Brady, FCJ
Orange County Family Court
285 Main St
Goshen, NY 10924

      RE:    Megan Nicosia v. Janine Connors Nicosia
             Family File No.: 78702; Docket No.: O-00372-26

Dear Judge Brady:

      Enclosed herewith please find Petitioner's Opposition to Respondent's Notice of Motion to Dismiss dated February 18, 2026.

      Thank you.

                        Respectfully submitted,

                        *Michael D. Meth*

                        Michael D. Meth

MDM/ch
cc:    *Evan D. Zucker, Esq.*
       *Megan Nicosia*
Enclosure

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OR ORANGE
------------------------------------------------------------------X
MEGAN NICOSIA,                                          **AFFIDAVIT IN OPPOSITION**

                          Petitioner,

                    Family File No.: 78702
     -against-                    Docket No.: O-370-26


JEANINE CONNERS NICOSIA,

                          Respondent.
------------------------------------------------------------------X

STATE OF NEW YORK     )
                          )ss.:
COUNTY ORANGE        )

     **MEGAN NICOSIA**, being duly sworn, deposes and states the following:

1.     I am the Petitioner in this Article 8 family offense proceeding and submit this Affirmation in Opposition to Respondent Jeanine Conners Nicosia's motion to dismiss pursuant to CPLR §3211 and her request for counsel fees.

2.     Respondent's motion should be denied because the parties are related through affinity within the meaning of Family Court Act §812; the Petition sufficiently alleges a course of conduct constituting harassment; and the Petition is not frivolous.

3.     Respondent attempts to characterize this matter as involving a remote relationship and isolated communications. In reality, Respondent has repeatedly inserted herself into matters affecting my home, my children, and my financial stability.

4.     Respondent's actions include interfering with my ability to refinance my home, transmitting personal financial information to my lender, and filing criminal accusations against me with the Orange County District Attorney and further detailing those criminal allegations to my lender.

5.     When these acts are viewed together, they demonstrate an escalating course of conduct directed at me personally.

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

**STANDARD**

6.      On a motion pursuant to CPLR §3211(a)(7), the Court must accept the allegations as true and afford the petitioner every favorable inference. *Siegmund Strauss, Inc. v. East 149th Realty Corp.*, 20 N.Y.3d 37, 43 (N.Y. 2012). The question on such a motion is not whether the petitioner will ultimately prevail, but whether the facts alleged, if proven, would constitute a family offense. *Lashlee v. Lashlee*, 161 A.D.3d 865, 866 (2d Dept 2018).

7.      It is well settled that on a motion to dismiss "the pleading is to be afforded a liberal construction, the facts as alleged are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference." *Leon v Martinez*, 84 N.Y.2d 83, 87–88 (N.Y. 1994). Issues of credibility and disputed facts cannot be resolved on a motion to dismiss.

**JURISDICTION EXISTS UNDER FAMILY COURT ACT §812**

8.      Respondent Jeanine Conners Nicosia is my former sister-in-law and the paternal aunt of my two minor children.

9.      I was married to Respondent's brother for approximately nine years.

10.     During that time Respondent had regular interaction with me and with my household.

11.     The relationship between Respondent and myself arose from shared family life, the marriage, and the upbringing of the children.

12.     Following the divorce, Respondent's involvement in my household did not cease.

13.     Respondent remains actively integrated in the same family structure.

14.     Since the filing of this Petition, Respondent has appeared at my daughter's school talent show in Warwick, New York; has stayed and continues to stay at my ex-husband's residence in Warwick for extended periods of time in such a way that my children and I regularly see her; provided childcare for my son while my ex-husband transported my daughter to gymnastics; was present in Warwick with my children on Valentine's Day and participated in family gatherings.

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

15.    These events demonstrate that Respondent is not a remote or disconnected third party. Respondent continues to interact with my children and participate in the same family environment as regularly as she did prior tot he divorce.

16.    Family Court Act §812 is remedial in nature and must be liberally construed to effectuate its protective purpose. *Matter of Johna M.S. v Russell E.S.*, 10 N.Y.3d 364 (N.Y. 2008).

17.    Whether parties fall within Family Court Act §812 requires a fact-specific inquiry focusing on the nature, frequency, and duration of the relationship. *Matter of Jose M. v Angel V.*, 99 A.D.3d 243, 249 (2d Dept 2012).

18.    The Second Department has recognized that dismissal is improper where the alleged relationship reflects ongoing and direct interaction akin to a quasi-family dynamic. *Riedel v. Vasquez*, 88 A.D.3d 725 (2d Dept 2011). In *Riedel*, the court found that no intimate relationship existed because the respondent's contact with the petitioner and her children was minimal. *Riedel*, 88 A.D.3d at 725. The opposite is the case here.

19.    The dissolution of the marriage does not, by itself, resolve the jurisdictional inquiry where the allegations demonstrate continuing, direct interaction. *Rizzo v. Pravato*, 170 A.D.3d 860 (2d Dept 2019). This approach acknowledges that quasi-family dynamics involving ongoing, direct interaction cannot be resolved through pleadings alone when factual disputes exist about the nature, frequency, and duration of the relationship. *Eno v. Illovsky*, 214 A.D.3d 865 (2d Dept 2023); *Rizzo*, 170 A.D.3d at 860.

20.    Respondent's motion attempts to portray the relationship as merely a connection through a third party. That characterization minimizes Respondent's heavy involvement in my family environment and household prior to the divorce, and her continuing involvement in the same family environment and her direct actions affecting my household and finances since the divorce.

## THE PETITION STATES A CAUSE OF ACTION FOR HARASSMENT

21.    Respondent relies heavily on *Matter of Seye v. Lamar*, 72 A.D.3d 975 (2d Dept 2010), to argue that this Court lacks jurisdiction. That case is distinguishable. In *Seye,* the Appellate

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Division found no jurisdiction because the parties had virtually no direct interaction and were connected only through a third party. *Seye*, 72 A.D.3d at 977. Here, the opposite is true.

22.    Respondent has maintained direct and ongoing involvement in Petitioner's family environment, including repeated interaction with Petitioner's children, attendance at family events in Warwick, involvement in matters affecting Petitioner's home, and direct interference with Petitioner's refinancing. These allegations describe a relationship far more substantial than the minimal contact present in *Seye* and require factual development rather than dismissal at the pleading stage.

23.    Whether the relationship between the parties satisfies Family Court Act §812 is therefore a fact-intensive inquiry that cannot be resolved solely by reference to the formal termination of the marriage.

A. Interference With KeyBank

24.    During the refinancing of the marital residence after the conclusion of my divorce proceeding, Respondent contacted the KeyBank loan officer handling the refinance without my prior knowledge via email more than once. See that email chain attached as Exhibit A.

25.    Respondent, who was not a party to my divorce proceeding, transmitted personal and financial information about me that she obtained from the divorce trial. Exhibit A.

26.    Respondent accused me of committing mortgage fraud. Exhibit A.

27.    Respondent claimed that I had admitted to criminal conduct under oath. Exhibit A.

28.    Respondent stated that federal crimes had been committed and that the matter had been reported to federal authorities. Exhibit A.

29.    Respondent warned that KeyBank could become involved in a federal investigation. Exhibit A.

30.    As a result of Respondent's communications, my loan officer was required to escalate the matter internally; the refinance was subjected to additional scrutiny; and there was concern that the loan approval could be jeopardized.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

31.     My loan officer stated to me that had she not been a senior loan officer at the time of Respondent's communications to her, my loan application would have been immediately denied without further review.

32.     The refinance concerned the home in which my children resided during my marriage and continue to reside in after the divorce. I was awarded the marital home in the divorce was directed by the Court to refinance the mortgage. Respondent attempted to sabotage my ability to do that.

33.     Respondent had no legal interest or legitimate role in that financial transaction.

34.     Repeated interference with a financial institution in order to disrupt the refinancing of my home constitutes a course of conduct serving no legitimate purpose.

B. Criminal Accusations to the District Attorney

35.     Respondent further escalated the situation by submitting a criminal complaint letter to the Orange County District Attorney titled *"Criminal Complaint- Megan T. Nicosia Multiple Felonies."* See that letter attached as Exhibit B.

36.      In that letter Respondent accused me of the following state and federal crimes: Perjury in the First Degree under N.Y. Penal Law §210.15, a Class D felony; Marking an Apparently Sworn False Statement in the First Degree under N.Y. Penal Law § 210.40, a Class E felony; Attempted Tampering with Physical Evidence under N.Y. Penal Law § 215.40(2), a Class E felony; and Bank Fraud under 18 U.S.C. § 1014. See Exhibit B.

37.     Respondent requested a referral to both the U.S. Attorney of the Southern District of New York and the FBI in White Plains. See Exhibit B.

38.     Respondent urged prosecutors to investigate and pursue criminal charges against me. Exhibit B.

39.     These accusations were made after the divorce trial had concluded and without any adjudication supporting those claims.

40.     The criminal accusations followed Respondent's interference with my refinancing

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

and were part of the same escalating pattern of conduct. These actions occurred within the same time frame and concerned the same accusations regarding my finances and the marital residence.

## COURSE OF CONDUCT

41.    Harassment under Penal Law §240.26 may be established through a course of conduct directed at a specific person with intent to harass, annoy, or alarm.

42.    The Appellate Division has recognized that a "course of conduct" sufficient to establish harassment may consist of a pattern of acts occurring over a period of time, however short, evidencing a continuity of purpose directed at the victim. *Julien v. Lewin*, 238 A.D.3d 757 (2d Dept 2025).

43.    Intent is rarely proved by direct evidence and may be inferred from the respondent's conduct and the surrounding circumstances. *People v. Bracey*, 41 N.Y.2d 296, 301 (N.Y. 1977).

44.    Here, Respondent's actions were not isolated incidents but part of a continuing and escalating pattern directed at me personally.

45.    Respondent first interfered with my refinancing of the marital residence by contacting my mortgage lender and transmitting personal financial information obtained during the divorce trial, a trial in which she was not a party.

46.    Respondent then accused me of committing federal mortgage fraud and warned the lender that the matter had been reported to federal authorities.

47.    Respondent further warned that the lender itself could become involved in a federal investigation.

48.    Respondent then escalated the situation by submitting a sworn criminal complaint letter to the Orange County District Attorney accusing me of multiple felony offenses.

49.    These accusations included allegations of perjury, evidence tampering, and bank fraud, and were accompanied by requests that prosecutors refer the matter to federal authorities.

50.    These acts were directed at me personally and targeted the refinancing of the home in which my children and I reside.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Ex. I

51.    When viewed together, Respondent's repeated communications with my lender and her subsequent criminal accusations demonstrate a coordinated course of conduct designed to alarm, intimidate, and destabilize my financial and personal stability.

52.    The Court of Appeals has recognized that harassment statutes address the cumulative effect of a pattern of conduct rather than each act viewed individually. *People v Stuart*, 100 N.Y.2d 412 (N.Y. 2003).

53.    Accepting the allegations as true, the pleaded facts sufficiently allege a course of conduct directed at me.

## RESPONDENT'S CLAIM OF "LEGITIMATE PURPOSE" FAIL

54.    Respondent attempts to characterize her conduct as merely reporting suspected wrongdoing. However, the issue before this Court is not whether Respondent may express concerns or communicate with authorities.

55.    Harassment under Penal Law §240.26 requires that the conduct at issue serve "no legitimate purpose." Whether conduct serves a legitimate purpose is a fact-specific inquiry that must be evaluated in light of the surrounding circumstances and the overall pattern of behavior. Whether conduct serves a legitimate purpose must be evaluated in the context of the entire course of conduct. *People v. Stuart*, 100 N.Y.2d 412 (N.Y. 2003).

56.    Conduct that might appear innocuous when viewed in isolation may nonetheless constitute harassment when it forms part of a coordinated course of conduct directed at alarming or intimidating the victim. The Court of Appeals has recognized that harassment statutes focus on the cumulative impact of a pattern of conduct rather than each act viewed individually. *Stuart*, 100 N.Y.2d at 428.

57.    Even if a single report to authorities might be considered legitimate, repeated interference with a financial institution combined with escalating criminal accusations demonstrates conduct directed at the petitioner personally rather than a neutral attempt to report suspected wrongdoing.

Ex. I

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

58.    Here, Respondent's actions were not limited to a single communication or complaint. Respondent engaged in a series of escalating actions directed at my home, finances, and personal stability of me and my children.

59.    Respondent contacted my mortgage lender, transmitted personal financial information obtained during the divorce trial, accused me of committing federal crimes, and warned that the lender itself could become involved in a criminal investigation.

60.    Respondent then escalated further by submitting a sworn criminal complaint to the Orange County District Attorney accusing me of multiple felony offenses. Respondent's accusations of felony crimes and requests for federal investigation created a fear that the situation could escalate to law enforcement intervention at my home, placing me and my children at risk of confrontation or harm.

61.    Respondent's repeated accusations of serious felony crimes and her requests that state and federal authorities investigate created a reasonable fear that law enforcement intervention could occur at my home, where my children reside, placing us at risk of confrontation and harm. These actions were not random or unrelated communications. They were calculated and directed at me personally.

62.    Even if Respondent claims to have believed the allegations she made, the manner in which she pursued those accusations, which were by repeatedly contacting my lender, threatening legal consequences involving federal authorities, and escalating the matter to prosecutors, demonstrates conduct directed at me personally rather than a neutral attempt to report suspected wrongdoing.

63.    When viewed together, Respondent's actions demonstrate a coordinated course of conduct designed to alarm, intimidate, and destabilize my financial and personal stability following the divorce.

64.    Whether Respondent's conduct served a legitimate purpose or instead constituted harassment is therefore a factual determination that cannot be resolved on a motion to dismiss.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

## REASONABLE FEAR AND INTIMIDATION

65.     The Appellate Division has recognized that a "course of conduct" sufficient to establish harassment may consist of a pattern of acts occurring over a period of time, however short, evidencing a continuity of purpose directed at the victim. *Julien v. Lewin*, 238 A.D.3d 757 (2d Dept 2025). The Court of Appeals has likewise explained that harassment statutes address conduct which, when viewed as a whole, creates fear and intimidation through repeated acts directed at a particular person. *Stuart*, 100 N.Y.2d at 412.

66.     Here, Respondent's actions, including  repeated interference with my mortgage lender, accusations of federal crimes, and the filing of a sworn criminal complaint seeking prosecution,  were directed at me  personally and at the home in which my children reside. When viewed together, those actions demonstrate a continuity of purpose sufficient to support the element of repeated harassment.

67.     Whether Respondent's conduct ultimately satisfies the statutory definition of harassment in the first degree is a factual determination that cannot be resolved on a motion to dismiss.

68.     Respondent's actions created fear and distress. The accusations of federal crimes and threats of investigation placed my financial stability and my home at risk.

69.     The interference with my refinance threatened the stability of my household and my children's residence.

70.     Whether my fear was reasonable is a question of fact.

71.     Such factual determinations cannot be resolved on a motion to dismiss. A motion to dismiss is not a vehicle for resolving factual disputes. *Guggenheimer v Ginzburg*, 43 N.Y.2d 268 (N.Y. 1977). The Court may not weigh evidence or determine credibility at this stage. *Sokol v. Leader*, 74 A.D.3d 1180 (2d Dept 2010).

## RESPONDENT'S HEARSAY ARGUMENT

72.     Respondent argues that the Petition relies on hearsay and therefore fails to state a

Page 9 of  11

Ex. J

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

At a term of the Family Court
of the State of New York, held
in and for the County of Orange,
at Goshen, New York on the
23th day of March, 2026.

**PRESENT: Hon. Amanda B. Brady**

--------------------------------------------------------X

In the Matter of a Family Offense Proceeding

MEGAN NICOSIA

                Petitioner,

   -against-

JEANINE CONNERS NICOSIA,

                Respondent.

--------------------------------------------------------X

**DECISION AND ORDER**
Family File #: 78702
Docket #: O-372-26

    The following papers were read and considered on this Motion, filed by Respondent, Jeanine Conners Nicosia seeking to dismiss the family offense petition filed by Petitioner, Megan Nicosia: Notice of Motion dated February 18, 2026, Zucker Affirmation dated February 18, 2026, Exhibit "A"; M. Nicosa Affidavit in Opposition dated March 4, 2026, Exhibit "A-B".

<u>Background</u>

    This action was commenced on or about January 27, 2026, by the filing of a Family Offense Petition by Petitioner MEGAN NICOSIA against Respondent JEANINE CONNERS NICOSIA. Petitioner alleges that parties were related by blood or marriage, in that the Respondent is the Petition's ex-sister-in law. Petitioner alleges that the Respondent sent Petitioner's personal financial information to Key Bank in an attempt to sabotage a refinancing of the Petition's home. Petitioner alleges Respondent sent threatening text messages to a Key Bank loan officer and threatened legal action against Key Bank. Petitioner further alleges that the Respondent is intimidating and has attempted to further cause problems for Petitioner regarding the refinancing of the former marital home of Petitioner and Respondent's brother. The parties appeared for a

Ex. J

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

preliminary proceeding on February 3, 2026, at which time both parties were represented by counsel and a general denial was entered. The matter is scheduled for trial on May 19, 2026.

Respondent now moves to dismiss the family offense petition, alleging that Petitioner has failed to set forth the elements necessary to satisfy a finding of Harassment 1st, claiming that even if the allegations are taken as true, the petition does not contain any specific allegations that Respondent has committed or attempted to commit any acts which place Petitioner in reasonable fear, alleging that her allegations only contain general conclusions with no specific acts, dates and times and are not supported by non-hearsay evidence. Additionally, Respondent moves to dismiss the family offense petition, alleging that the Court lacks jurisdiction over this matter in that the Respondent is not in an "intimate relationship" with the Petitioner. In opposing this motion, Petitioner alleges that the parties do have a family relationship and that the acts alleged in the petition constitute a family offense. In considering the issues raised by Respondent, the Court takes judicial notice of all prior proceedings and Orders existing in this Family File.

Legal Analysis

The Family Court is "a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" *Matter of H.M v. E.T.,* 14 NY3d 521, 426, see *Matter of Cambre v. Kirton*, 130 AD3d 926, 927.  Pursuant to Family Court Act §812 (1), the Family Court's jurisdiction in a family offense proceeding is limited to certain prescribed acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household."  See *Matter of Johnson v. Carter,* 122 AD3d 853, 853-854. Determination of whether the parties are or have been in an "intimate relationship" requires consideration of factors including "the nature and type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration

Ex. J

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

of the relationship" *See Matter of Winston v. Edwards–Clarke,* 127 A.D.3d 771, 773, 6 N.Y.S.3d 566 [2d Dept.2015]. Furthermore, Melanie's Law, enacted on November 25, 2024, amended Family Court Act §812; the amendment expanded the family court jurisdiction over family offenses between "persons who are related by consanguinity or affinity to parties who are or have been in intimate relationships as defined in Paragraph (e) of the subdivision." See Family Court Act §812(f).

In her petition, Petitioner alleges that Respondent is her former sister-in-law; Respondent is the aunt of Petitioner's children. Petitioner alleges that she was married to Respondent's brother for approximately nine years; during that time the Respondent had regular interaction with Petitioner. Petitioner further alleges that after the divorce, Petitioner and Respondent's relationship continued, and the Respondent remains integrated in the same family structure. However, the record reflects that Respondent resides in South Carolina.

On a motion to dismiss a pleading for failure to state a cause of action, the pleading is to be liberally construed, and the court shall accept all the facts to be true and give the allegations the benefit of every favorable inference. See, *Villarin v. Onobanjo,* 276 AD2d 479 [2nd Dept. 2000]; *Iwanow v. Iwanow,* 39 AD3d 476 [2nd Dept. 2007]. In deciding a motion to dismiss, courts must accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. *Leon v. Martinez,* 84 NY2d 83 (1994). In the case at hand, the Court finds, in accepting the facts alleged in the petition as true, and affording them liberal construction, that the facts as alleged by the Petitioner fail to make out a prima facie case.

Here, a review of the Petition reveals Petitioner has merely stated conclusory statements, lacking a particular date and time of alleged events. Petitioner alleges threatening text messages

Ex. J

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

sent to a third party. A person is guilty of Harassment in the first degree "when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury. [New York Penal Law§240.25]. Petitioner does not allege repeated harassment where Respondent followed her in or about a public place. Petitioner does not allege that Respondent's actions put her in a reasonable fear of physical injury. Petitioner does not allege a course of conduct. Petitioner does not make any allegations, which even if viewed in a light most favorable to her, would constitute Harassment in the first degree.

<u>Attorney's Fees</u>

The family court is vested with the authority to award counsel fees in proceedings when warranted, based on the particular circumstances of the case. See, *Matter of Lou v. Yang*, 104 AD3d 852 [2nd Dept. 2013]; *Matter of Belle v. DeMilia*, 19 A.D.3d 691 [2nd Dept. 2005]; *Family Court Act* §651 (b); *Domestic Relations Law* §237(b). An award of counsel fees is a matter within the sound discretion of the trial court. *Matter of Luo, supra; Walker v. Walker*, 255 A.D.2d 375 [2nd Dept. 1998]; *Matter of Friedman v. Rome*, 49 A.D.3d 878 [2nd Dept. 2008]. Any such award is to be based upon the financial circumstances of the parties, and the circumstances of the case as a whole, which may include the relative merits of the parties' positions, although it should not be predicated solely on the ultimate outcome. *Matter of Dempsey v. Dempsey*, 78 A.D.3d 1179 [2nd Dept. 2010].

Here, the Court, in its discretionary power to award counsel fees, and having reviewed the circumstances of this case, hereby finds that an award of attorney fees is not warranted in this case, and Respondent's motion is denied. However, the Court does note that Petitioner is now divorced

Ex. J

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

from her ex-husband, and therefore this Respondent [his sister], should have no reason to have interaction with the Petitioner or otherwise insert herself into Petitioner's life or affairs.

Now, therefore and based on the foregoing, it is hereby

ORDERED, that the Respondent's motion to dismiss is granted for failure to state a cause of action and any temporary Order is vacated; and it is further

ORDERED, that Respondent's motion, seeking an award of attorney fees, is denied.

Dated: Goshen, New York
March 23, 2026

**ENTER**

_____

**HON. AMANDA B. BRADY**
Family Court Judge

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON APPELLANT, WHICHEVER IS EARLIEST.

Order mailed on _____ and to whom mailed:

To:   Evan D. Zucker, Esq.
      Michael D. Meth, Esq.

**NOTICE OF ENTRY**

PLEASE TAKE NOTICE that the within is an ORDER entered in the office of the State of New York in the County of Orange on _03-23-2026_

_____

Chief Clerk of the Family Court

# Ex. K

# Ring Camera footage of Process Server

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Ex. K



ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

2:26-cv-02662-RMG     Date Filed 07/02/26     Entry Number 1-1     Page 79 of 98

Ex. L

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

MEGAN NICOSIA

*Plaintiff,*

- against -

JEANINE CONNERS NICOSIA

*Defendant,*

Index № EF03004-2026

Defendant JEANINE CONNERS NICOSIA, by her attorneys, Fabricant Lipman & Frishberg, PLLC, hereby demands, pursuant to CPLR 3012(b), that Plaintiff serve a copy of the Complaint in this action upon the undersigned within twenty (20) days after service of this Demand.

Please take further notice that Defendant appears herein and demands that all papers in this action, except those required by law to be served personally, be served upon the undersigned attorneys at the address set forth below.

Dated: March 31, 2026
      Goshen, New York

**FABRICANT LIPMAN & FRISHBERG, PLLC**
Attorneys for Defendant

By: _____
    Neal D. Frishberg

*Digitally signed by Neal D. Frishberg*
*DN: cn=Neal D. Frishberg, o=Fabricant Lipman & Frishberg, PLLC, ou, email=nfrishberg@nfrishberg.com, c=US*
*Date: 2026.03.31 20:36:33 -04'00'*

    Neal D. Frishberg
    One Harriman Square
    P.O. Box 60
    Goshen, NY 10924
    Phone – 845-294-7944
    Email – nfrishberg@nfrishberg.com

To:
**METH LAW OFFICES, P.C.**
Attorneys for Plaintiff
10 Moffatt Lane, Suite 2
P.O. Box 560
Chester, New York 10918
(845) 469-9529

x:\wp\neal\nicosia.jeannie\nicosia.j - 2026-03-31 - demand for complaint.docx

Ex. M

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

UNITED STATES DISTRICT COURT. YORK
SOUTHERN DISTRICT OF NEW YORK

MEGAN NICOSIA

*Plaintiff,*

- against -

JEANNINE CONNERS NICOSIA

*Defendant,*

CIVIL CASE NO.

**NOTICE OF REMOVAL
REMOVED FROM:
SUPREME COURT OF THE
STATE OF NEW YORK,
COUNTY OF ORANGE**

**INDEX NO. EF003004-2026**

**TO:** Clerk of the United States District Court for the Southern District of New York:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule 81.1 of the United States District Court for the Southern District of New York (the "Court"), defendant Jeanine Conners Nicosia ("Defendant"), by and through her undersigned counsel, Fabricant Lipman & Frishberg, PLLC, hereby removes the case styled *Megan Nicosia v. Jeanine Conners Nicosia,* Index No. EF003004-2026 (the "State Court Action"), from the Supreme Court of the State of New York, County of Orange, where it is now pending, to the United States District Court for the Southern District of New York.

## INTRODUCTION

1.      Plaintiff Megan Nicosia ("Plaintiff") initiated the State Court Action by filing a Verified Summons with Notice against the Defendant on or about March 25, 2026, in the Supreme Court of the State of New York, County of Orange, Index No. EF003004-2026.

2.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendant in the State Court Action are collectively attached hereto as Exhibit A.

3.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel at the address listed in the Plaintiff's Verified Summons with Notice and is being filed in the Supreme Court of the State of New York, County of Orange.

## BASIS FOR REMOVAL

### I. <u>Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).</u>

4. Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over the State Court Action because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of costs and interest. Therefore, the State Court Action could have originally been filed in the Court and is now being properly removed to the Court.

### A. <u>There is Complete Diversity of Citizenship Among the Parties.</u>

5. Plaintiff Megan Nicosia is a citizen of the State of New York. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks and citation omitted). Upon information and belief, the Plaintiff resides and is domiciled in Orange County, New York, and is therefore a citizen of the State of New York for diversity purposes.

6. Defendant Jeanine Conners Nicosia is a citizen of the State of South Carolina. As set forth in the Verified Summons with Notice, the Defendant resides at 3628 Tidal Flat Circle, Mt. Pleasant, South Carolina 29466. Upon information and belief, the Defendant is domiciled in the State of South Carolina and is therefore a citizen of the State of South Carolina for diversity purposes.

7. Here, there is complete diversity between the Plaintiff and the Defendant in this case, and the United States District Court for the Southern District of New York has subject matter jurisdiction under 28 U.S.C. § 1332.

### B. <u>The Amount in Controversy Requirement is Satisfied.</u>

8. To determine the amount in controversy, courts first look to the plaintiff's state court pleading. The "party invoking the jurisdiction of the federal court has the burden of proving

that it appears to be a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003).

9. The amount in controversy clearly meets the jurisdictional requirement. Plaintiff's Verified Summons with Notice expressly demands judgment in the sum of $8,500,000.00, together with interest, costs and disbursements, and recoverable attorneys' fees, which far exceeds the $75,000 jurisdictional threshold required under 28 U.S.C. § 1332(a).

### C. The Forum Defendant Rule Does Not Bar Removal.

10. Under 28 U.S.C. § 1441(b)(2), a case otherwise removable solely on the basis of diversity jurisdiction may not be removed if any defendant is a citizen of the state in which the action is brought. Here, the Defendant is a citizen of the State of South Carolina, not of the State of New York. Accordingly, the forum defendant rule does not bar removal of this action.

### II. The Defendant Has Satisfied the Procedural Requirements for Removal.

11. The Defendant was served with the Verified Summons with Notice on or about March 30, 2026.

12. The filing of this Notice of Removal is timely because the Defendant filed this Notice of Removal within thirty (30) days after service of the Verified Summons with Notice. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based").

13. Because the Defendant is the sole defendant in this action, the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) is satisfied.

14. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Southern District of New York embraces Orange County, New York. *See* 28 U.S.C. § 112(b).

FILED: ORANGE COUNTY CLERK 04/17/2026 04:25 PM
NYSCEF DOC. NO. 4

INDEX NO. EF003004-2026
RECEIVED NYSCEF: 04/17/2026

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 83 of 98

Ex. M

15.     Pursuant to Local Civil Rule 81.1, and because the Court's jurisdiction is based upon diversity of citizenship, the following information is provided:

(a) Plaintiff Megan Nicosia is an individual who, upon information and belief, resides and is domiciled in Orange County, New York, and is a citizen of the State of New York for purposes of 28 U.S.C. § 1332;

(b) Defendant Jeanine Conners Nicosia is an individual who resides and is domiciled at 3628 Tidal Flat Circle, Mt. Pleasant, South Carolina 29466, and is a citizen of the State of South Carolina for purposes of 28 U.S.C. § 1332; and

(c) The Defendant was served with the Verified Summons with Notice on or about March 30, 2026.

16.     No previous application has been made for the removal requested herein.

### Preservation of Rights and Defenses

17.     All rights are reserved, including, but not limited to, defenses and objections and the right to move for dismissal of the Complaint. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses, objections, and rights.

18.     The Defendant also reserves the right to amend or supplement this Notice of Removal.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 84 of 98

Ex. M

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

**WHEREFORE**, defendant Jeanine Conners Nicosia respectfully gives notice that the civil action pending in the Supreme Court of the State of New York, County of Orange under Index No. EF003004-2026 is removed to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Dated:  Goshen, New York

   April 16, 2026

FABRICANT LIPMAN &
FRISHBERG, PLLC
*Attorneys for Defendant*


By: _____
Neal D. Frishberg, Esq.
One Harriman Square
P.O. Box 60
Goshen, New York 10924
Telephone: (845) 294-7944
nfrishberg@nfrishberg.com

FILED: ORANGE COUNTY CLERK 04/17/2026 04:25 PM
NYSCEF DOC. NO. 4

INDEX NO. EF003004-2026
RECEIVED NYSCEF: 04/17/2026

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 85 of 98

Ex. M

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2026, the foregoing Notice of Removal, and all exhibits thereto, were filed via the United States District Court for the Southern District of New York's electronic filing system and that copies of the same were served upon the Plaintiff's attorney of record via [Federal Express/first class mail/electronic service] at the address listed below:

Michael D. Meth, Esq.

Meth Law Offices, P.C.

10 Moffat Lane, Suite 2

P.O. Box 560

Chester, New York 10918

Dated: Goshen, New York

April 16, _____, 2026

FABRICANT LIPMAN & FRISHBERG, PLLC

By: /s/ Neal D. Frishberg
_____
Neal D. Frishberg, Esq.
One Harriman Square
P.O. Box 60
Goshen, NY 10924
Tel 845-294-7944
email nfrishberg@nfrishberg.com

# VERIDIAN LEGAL

23 West 73rd Street        T: (212) 706-1007
Suite 102                  F: (646) 849-0033
New York, NY 10023         www.veridianlegal.com

April 29, 2026

**Via ECF**
Hon. Jessica G. L. Clarke

> *Re: Nicosia v. Nicosia*
> *Case No. 7:26-cv-03168*

Dear Judge Clarke:

We represent Defendant Jeanine Conners Nicosia in the above-captioned action and respectfully request that the Court set a deadline for Plaintiff Megan Nicosia to file and serve a complaint.

Plaintiff commenced this action in the Supreme Court of the State of New York, County of Orange, on March 25, 2026, by filing a Verified Summons with Notice. The summons asserts claims for defamation, libel, defamation per se, and tortious interference with prospective business relations, and seeks damages in the amount of $8,500,000.00.

Defendant was personally served on March 28, 2026, and appeared on March 31, 2026, serving a Demand for Complaint pursuant to CPLR 3012(b). Under CPLR 3012(b), Plaintiff was required to serve a complaint within twenty days. *See See Aktar v NY City Health*, 2023 N.Y. Misc. LEXIS 9131, at *3 [Sup Ct, Queens County Jan. 6, 2023, No. 728428/21]). This deadline expired on or about April 20, 2026, yet Plaintiff has failed to serve a complaint.

On April 17, 2026, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Despite removal, Plaintiff still has not filed or served a complaint. More than twenty days has elapsed and Plaintiff remains in default of the statutory requirement to plead. Absent a complaint, Defendant cannot meaningfully respond to the allegations, and the case cannot proceed.

Accordingly, Defendant respectfully requests that the Court enter an order directing Plaintiff to file and serve a complaint within fourteen days of the Court's order, and providing that failure to comply may result in dismissal of the action.

We thank the Court for its consideration of this application.

Respectfully submitted,

VERIDIAN LEGAL P.C.
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.

cc: Michael D. Meth, Esq. (via email)

Veridian Legal P.C.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

Ex. O



The following transaction was entered on 4/29/2026 at 3:22 PM EDT and filed on 4/29/2026

**Case Name:**     Nicosia v. Nicosia

**Case Number:**    7:26-cv-03168-JGLC

**Filer:**

**Document Number:** 10

**Docket Text:**

**ORDER granting [8] Letter Motion to Compel. On April 17, 2026, Defendant filed a notice of removal of this action from the Supreme Court of New York, Orange County, asserting removal was proper on the basis of diversity jurisdiction. See ECF No. 1. No Complaint was attached, but Defendant attached as an exhibit a demand for the Complaint that was returnable on April 20, 2026. ECF No. 1-3. Defendant notified the Court on April 29, 2026, that she still has not been served or otherwise had access to the Complaint in this action. ECF No. 8. Plaintiff shall file her Complaint by May 8, 2026. Defendant shall have 21 days from Plaintiffs filing of the Complaint in this action to answer or move in response. Defendant is directed to serve a copy of this Order on Plaintiff by May 4, 2026. The Clerk of Court is directed to terminate ECF No. 8. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 4/29/2026) (ar)**

ELECTRONICALLY FILED - 2026 Jun 22 2:49 PM - CHARLESTON - CO

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 88 of 98

Ex. P

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Megan Nicosia | , | ) |
| | Plaintiff(s) | ) |
| v. | | ) |
| | | ) |
| | | ) |
| Jeanine Conners Nicosia | , | ) |
| | Defendant(s) | ) |
| | | ) |
| | | ) |

**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)**

Case No.:  7:26-cv-03168-JGLC

## NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) _Megan Nicosia_ and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) _Jeanine Conners Nicosia_ .

Date:  May 1, 2026

*Michael D. Meth*
_____
*Signature of plaintiffs or plaintiff's counsel*

P.O. Box 560
_____
*Address*

Chester, NY 10918
_____
*City, State & Zip Code*

(845) 469-9529
_____
*Telephone Number*

File# 78702 (O-00372-26)                                                    FC-112-Unexecuted                    Page 1 of 1

# FAMILY COURT OF THE STATE OF NEW YORK
# COUNTY OF ORANGE

In the Matter of **an Article 8 Family Offense** Proceeding

**Megan T. Nicosia** (Petitioner)

**Jeanine Conners** (Respondent)

File #:    78702
Docket #:    O-00372-26

**AFFIDAVIT OF SERVICE**

**PLEASE SERVE:**

| Name | | Date of Birth | Phone Number |
|---|---|---|---|
| Jeanine Conners | | 11/6/1979 | (917) 699-8894 (V) |

| Address | | | | | |
|---|---|---|---|---|---|
| 3628 Tidal Flat Circle, Mt. Pleasant, SC 29466 | | | | | |
| Height | Weight | Gender | Hair Color | Eye Color | Race |
| 5'10" | Unknown | Female | Brown | Brown | White |

I, _____, being duly sworn, depose and say that I am over 18 years of age and not a party to this action; On (specify date/time) _____ , at _____ AM/PM, I served the attached Petition and Summons as follows:

☐ **Individual/Other**    **Location of Service:** _____

I delivered a true copy of named documents to Jeanine Conners personally.

**Description of person served:**

| Height | Weight | Gender | Age Range | Hair Color | Eye Color | Race | | Other |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**PREVIOUS ATTEMPTS TO SERVE** Jeanine Conners:

| Date | Time | Location | | Date | Time | Location |
|---|---|---|---|---|---|---|
| | | | | | | |

_____
Signature of Person Serving Papers

**STATE OF NEW YORK**    )
**COUNTY OF ORANGE**     ) ss.:

Sworn to before me on _____

_____
(Deputy) Clerk of the Court / Notary Public

Presiding: Hon. Amanda B. Brady

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

New York State Unified Court System    nycourts.gov

# Family Offense Petition

**UCS-FC 8-2** (04/2025)
Page **1** of 7
nycourthelp.gov

RECEIVED
ORANGE CO. FAMILY COURT

**Family Court**
**County of** ORANGE

2026 JAN 27  AM 11: 14

**Petitioner** (name of the person filing the case):
**MEGAN NICOSIA**

**Respondent** (name of the person you are filing against):
**JEANINE CONNERS NICOSIA**

**File #:** 78702

**Docket #:** 0-372-26

---

## 1. Petitioner address

Should your address be kept confidential?    ☐ Yes  ☒ No

> **NOTE:** DO NOT list your address if it should be kept confidential. Ask the court clerk for a Request for Address Confidentiality (GF-21).

Physical address: 4 HENRY CLOSE WARWICK NEW YORK 10990

Mailing address: SAME

## 2. Respondent address

> **NOTE:** DO NOT list a respondent's address if the court has ordered that it is confidential.

Physical address: 3628 TIDAL FLAT CIRCLE MT PLEASANT SOUTH CAROLINA 29466

Mailing address:  SAME

## 3. Relationships

I am related to the respondent as follows: [check all that apply]

☐ we **are** married          ☐ we **were** married

☐ we have a child in common          ☐ we are parent and child

☒ we are related by blood or marriage (specify):__THE RESPONDENT IS THE PETITIONER'S EX-HUSBAND'S SISTER (PETITIONER'S EX-SISTER-IN-LAW)_____

**Select the relationship:**

☐ we **are** in an intimate relationship (NOT casual, social, or business acquaintances)

☐ we **were** in an intimate relationship (NOT casual, social, or business acquaintances)

☐ I am related by blood or marriage to a person who **is** in an intimate relationship with the respondent (NOT a casual, social, or business relationship)

☐ I am related by blood or marriage to a person who **was** in an intimate relationship

**Specify the relationship:**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

 **ADA Accommodations**
ada@nycourts.gov

**Spoken or Sign Language Interpreters**
interpreter@nycourts.gov

**COURT Help** 1-800-COURT-NY
(268-7869)

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

with the respondent (NOT a casual, social, or business relationship)

☐ we live together     ☐ we lived together in the past     ☒ we never lived together

☐ Petitioner is an agency, association, society, or institution and is filing under FCA 822(b).

☐ I am a peace officer and am filing under FCA 822(c).

## 4. Offenses Alleged

☒ The respondent may have committed one or more of the following family offense(s) against me and/or my child(ren):

| | |
|---|---|
| Aggravated harassment in the second degree | XHarassment in the first degree |
| Attempted assault in the second degree | Harassment in the second degree |
| Attempted assault in the third degree | Identity theft in the first degree |
| Assault in the second degree | Identity theft in the second degree |
| Assault in the third degree | Identity theft in the third degree |
| Coercion in the second degree (subdivisions 1, 2 or 3) | Menacing in the second degree |
| Criminal mischief | Menacing in the third degree |
| Criminal obstruction of breathing or circulation | Reckless endangerment |
| Disorderly conduct | Sexual abuse in the second degree (subdivision 1) |
| Forcible touching | Sexual abuse in the third degree |
| Grand larceny in the first degree | Sexual misconduct |
| Grand larceny in the second degree | Stalking |
| Grand larceny in the third degree | Strangulation |
| Grand larceny in the fourth degree | Unlawful dissemination or publication of intimate images |

**Give the details of the offense:**

Date: _____/_____/_____     Time: _____:_____    ☐ AM    ☐ PM

Location: _____

Who was injured: _____

Injuries suffered: _____

Weapons used (if any): _____

**Briefly describe what happened:** [use an extra sheet if you need more space]

2:26-cv-02662-RMG     Date Filed 07/02/26     Entry Number 1-1     Page 92 of 98

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

THE PETITIONER STATES THE RESPONDENT IS HER EX-SISTER-IN-LAW AND (OCTOBER 30, 2025) THE PETITIONER STATES THE RESPONDENT SENT TO KEY BANK PERSONAL AND FINANCIAL INFORMATION OF HER'S. THE PETITIONER STATES THE RESPONDENT WAS ABLE TO OBTAIN THIS INFORMATION FROM THE DIVORCE TRIAL THAT THE RESPONDENT ATTENDED. THE RESPONDENT WAS ATTEMPTING TO SABOTAGE A REFINANCING OF THE PETITIONER'S HOME. THE PETITIONER ALSO STATES THE RESPONDENT SENT THE KEY BANK LOAN OFFICER THREATENING TEXT MESSAGES THREATENING LEGAL ACTIONS AGAINST KEY BANK.

THE PETITIONER STATES THE RESPONDENT IS INTIMIDATING AND AT THE TIME WAS ATTEMPTING TO FURTHER CAUSE PROBLEMS FOR HER WITH KEY BANK AND THE REFINANCING OF THE MARITAL HOME. THE PETITIONER STATES THE RESPONDENT IS UPSET BECAUSE HER BROTHER (PETITIONER'S EX-HUSBAND) HAS TO PAY CHILD SUPPORT AND THAT THE PETITIONER WAS ABLE TO GET THE HOUSE THROUGH THE DIVORCE.

THE PETITIONER STATES SHE WANTS THE RESPONDENT TO STAY AWAY FROM HER AND HER HOME AND TO REFRAIN FROM ALL FORMS OF HARASSMENT AND HARASSING COMMUNICATION TOWARDS HER.

## 5. Criminal Complaints

I have filed a criminal complaint concerning these incident(s):  ☐ Yes  ☒ No

   If yes, provide the following information: [use an extra sheet if you need more space]
   If no, skip to Question 6.

Court name:

Docket number: _____

Date filed:     __/__/__

Charge(s): _____

Status of case:   ☐ Pending     ☐ Finished

## 6. Household Members

[Check all that apply; use an extra page if you need more space]

☐ **I have no children and there are no children living in my household**

☒ **The following children live with me** [include children who are not yours]

| Child Name | Date of Birth | Relationship to me | Relationship to respondent |
|---|---|---|---|
| Riley Nicosia | 9-2-2018 | Daughter | Niece |
| Brayden Nicosia | 9-1-2020 | Son | Nephew |
| | | | |

2:26-cv-02662-RMG   Date Filed 07/02/26   Entry Number 1-1   Page 93 of 98

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

| | | | |
|---|---|---|---|
| | | | |

☐ **The following children are mine but do not live with me**

| Child Name | Date of Birth | Relationship to respondent | Child lives with: |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## 7. Family Offenses Against Child(ren)

Did the respondent commit a family offense listed in Question 4 against any child(ren) listed above?

☐ Yes   ☒ No

If Yes, list child's name and the offense: [use an extra page if you need more space] if No, skip to Question 8]

| Child Name | Alleged Offense |
|---|---|
| | |
| | |
| | |
| | |

## 8. Safety of Petitioner, Child(ren), Members of Family

**Has respondent acted in a way you consider dangerous or threatening to you, your child(ren), or any member of your family?** ☐ Yes   ☒ No

If yes, explain: _____

**Has the respondent violated an Order of Protection issued on behalf of you or members of your family or household?** ☐ Yes   ☒ No

If yes, explain: _____

**Does respondent own or have access to firearms?** ☐ Yes   ☒ No

If yes, explain: _____

**Does respondent have a firearms license?** ☐ Yes ☒ No

If yes, provide:

License or permit number:

Issuing county:

Guns/pistols listed:

**Does respondent have a pending application for a firearms license?**

☐ Yes   ☒ No

**Does respondent carry a firearm on their job?** ☐ Yes   ☒ No

If yes, explain: _____

2:26-cv-02662-RMG    Date Filed 07/02/26    Entry Number 1-1    Page 94 of 98

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026GP1002917

**Respondent threatened the following with a firearm or dangerous instrument or object** [check all that apply]:

☐ Me

☐ My child(ren)

☐ A member(s) of my household (list names): _____

_____

**Describe the incident:**

<br><br><br><br><br><br><br><br>

**Is there is a substantial risk that respondent would use or threaten to use a firearm or dangerous instrument or object against you, your child(ren) or member of your household?**

☐ Yes      ☒ No

If yes, explain: _____

**The following court cases are pending between the respondent and me:**
[use an extra page if you need more space]

| Docket/Index number | Court name | Court location | Case type |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

**Respondent has the following criminal convictions:** [use an extra page if you need more space]

| Docket Number | Court name and location | Conviction Charge | Conviction Date | Sentence |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |

**I am seeking protection for pets**   ☐ Yes   ☒ No

If yes, specify the names and types of pets in the household [use an extra page if you need more space]:

| Pet Name | Type of Pet | Threatened or Attempted to Injure or Injured Pet | If yes, explain: |
|---|---|---|---|
| | | ☐ Yes   ☐ No | |

2:26-cv-02062-RMG     Date Filed 07/02/26     Entry Number 1-1     Page 95 of 98

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

| | | ☐ Yes  ☐ No | |
| | | ☐ Yes  ☐ No | |
| | | ☐ Yes  ☐ No | |

## 9. Previous Application for Relief

Have you made any previous application to any court or judge for the relief (an order or finding of aggravated circumstances) requested in this petition?     ☐ Yes     ☒ No

If yes, specify: [use an extra page if you need more space]; if No, skip to Question 10

| Date | Court name and location | Relief granted |
|---|---|---|
| | | |
| | | |
| | | |

## 10. Petitioner's Request for Relief

I respectfully request this court to:

☒ determine the respondent committed one or more of the family offense(s) alleged

☒ enter an order of protection, specifying conditions of behavior to be observed by the respondent under FCA 842:

    ☒ Stay away from petitioner

    ☒ Stay away from petitioner's home

    ☒ Stay away from petitioner's workplace

    ☒ Do not menace, harass, assault, or commit any family offenses against petitioner or petitioner's children

    ☒ No communication and no contact through social media

    ☒ No third-party contact

    ☐ Surrender firearms

    ☐ enter a finding of aggravated circumstances

☐ enter a temporary order of child support under FCA 828(4)

☐ enter an order directing the parties to appear within seven business days of the filing of this petition for consideration of an order of temporary spousal support under FCA 828(5)

and order other and further relief as the court decides is just and proper.

## 11.  Petitioner's Name and Signature

Megan Nicosia                                          __1__ / __27__ / __2026_____

Print or Type Petitioner's Name        Petitioner's Signature                    Date

## 12.   Lawyer Information

I assisted the petitioner with their paperwork: ☐ Yes  ☐ No

I will represent the petitioner in court: ☐ Yes  ☐ No

_____     _____  ___ / ___ / _____

**UCS-FC 8-2** (02/2025)     Page 7 of 7     Docket #: _____ File #: _____

| Print Lawyer Name | Lawyer Signature | Date |
|---|---|---|

_____

Lawyer Address

(_____) _____-_____

Lawyer Phone

_____

Lawyer Email

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

File#: 78702 (O-00372-26)                                                                FC-100 (09/2020)          Page 1 of 1

## FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF ORANGE

In the Matter of **an Article 8 Family Offense** Proceeding                **File #:**     78702

                                                                           **Docket #:**   O-00372-26

**Megan T. Nicosia** (Petitioner)


**Jeanine Conners** (Respondent)

                                                                      **NOTICE TO APPEAR**
                                                                          **(IN PERSON)**

To:     Megan T. Nicosia
        4 Henry Close
        Warwick, NY 10990
        (518) 859-9790 (V)
        quinny337@hotmail.com

You are hereby notified to appear **IN PERSON** on:

| | |
|---|---|
| Date/Time/Part: | **February 3, 2026 at 02:00 PM** in **Part 2** |
| Purpose: | **Preliminary Proceeding** |
| Presiding: | **Hon. Amanda B. Brady** |
| Location: | **Orange County Courthouse, 285 Main Street, Goshen, NY 10924** |
| Floor: | **2** |
| Room: | **Ctrm 10** |

Please bring this notice with you and check in with the Court Clerk's Office.


**Dated:** January 27, 2026

                                                        Diane S. Gould, Chief Clerk

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917

File#: 78702 (O-00372-26)

GF-2 (08/2002)

Page 1 of 1

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

In the Matter of **an Article 8 Family Offense** Proceeding

**Megan T. Nicosia** (Petitioner)

**Jeanine Conners** (Respondent)

**File #:** 78702
**Docket #:** O-00372-26

**SUMMONS - GENERAL**
**(IN PERSON)**

To:   Jeanine Conners
3628 Tidal Flat Circle
Mt. Pleasant, SC 29466
(917) 699-8894 (V)
jeanine.n.conners@gmail.com

A petition under Article 8 of the Family Court Act has been filed with this Court.

**YOU ARE HEREBY SUMMONED** to appear **IN PERSON** before this Court on:

| | |
|---|---|
| Date/Time/Part: | **February 3, 2026 at 02:00 PM in Part 2** |
| Purpose: | **Preliminary Proceeding** |
| Presiding: | **Hon. Amanda B. Brady** |
| Location: | **Orange County Courthouse, 285 Main Street, Goshen, NY 10924** |
| Floor: | **2** |
| Room: | **Ctrm 10** |

to answer the attached petition and to be dealt with in accordance with the Family Court Act.

Please bring this notice with you and check in with the Court Clerk's Office.

**If you fail to appear as directed, a warrant may be issued for your arrest.**

**Dated:** January 27, 2026

Diane S. Gould, Chief Clerk

**NOTICE:** FAMILY COURT ACT §154(C) PROVIDES THAT PETITIONS BROUGHT PURSUANT TO ARTICLES 4, 5, 6, 8 AND 10 OF THE FAMILY COURT ACT, IN WHICH AN ORDER OF PROTECTION IS SOUGHT OR IN WHICH A VIOLATION OF AN ORDER OF PROTECTION IS ALLEGED, MAY BE SERVED OUTSIDE THE STATE OF NEW YORK UPON A RESPONDENT WHO IS NOT A RESIDENT OR DOMICILIARY OF THE STATE OF NEW YORK. IF NO OTHER GROUNDS FOR OBTAINING PERSONAL JURISDICTION OVER THE RESPONDENT EXIST ASIDE FROM THE APPLICATION OF THIS PROVISION, THE EXERCISE OF PERSONAL JURISDICTION OVER THE RESPONDENT IS LIMITED TO THE ISSUE OF THE REQUEST FOR, OR ALLEGED VIOLATION OF, THE ORDER OF PROTECTION. WHERE THE RESPONDENT HAS BEEN SERVED WITH THIS SUMMONS AND PETITION AND DOES NOT APPEAR, THE FAMILY COURT MAY PROCEED TO A HEARING WITH RESPECT TO ISSUANCE OR ENFORCEMENT OF THE ORDER OF PROTECTION.

ELECTRONICALLY FILED - 2026 Jun 02 2:40 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1002917