**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jeanine Nicosia Conners, | ) | |
| | ) | C/A. No. 2:26-cv-2662-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Megan T. Nicosia, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Dkt. No. 8). Plaintiff has filed a response in opposition and Defendant has filed a reply. (Dkt. Nos. 10, 11). For the reasons set forth below, the motion to dismiss is denied.

## I. Background

Plaintiff, a resident of South Carolina, filed suit in the South Carolina Court of Common Pleas against Defendant, a resident of New York, alleging claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress. (Dkt. No. 4-1 at 6-27).[1] Defendant removed the case to federal court on the basis of diversity of citizenship. Defendant thereafter filed this motion, contending that the Court lacks personal jurisdiction over her because she does not have minimum contacts with South Carolina. Defendant further argues that the Amended Complaint fails to state a claim upon which relief can be granted. (Dkt. No. 8).

[1] For purposes of consistency, the Court will refer to the Plaintiff, Jeanine Nicosia Conners, as "Plaintiff," even when referencing her in New York based lawsuits in which she was a named defendant. Similarly, the Court will refer to the Defendant, Megan T. Nicosia, as "Defendant," even when referencing her in regard to New York based lawsuits in which she was a plaintiff.

Plaintiff alleges in her Complaint[2] that Defendant has engaged in "a habit and pattern of abusing the legal system to target Plaintiff and her family" related to "a volatile divorce proceeding" involving Defendant and Plaintiff's brother. (Dkt. No. 4-1 at 7). Plaintiff alleges that Defendant filed five separate Family Court petitions and a civil action in New York against her and/or her family, all which were either "dismissed for lack of merit or abandoned" by Defendant. (*Id*.). These actions include a New York family court proceeding in which Plaintiff was a named party defendant in a claim of Harassment 1st and a civil action in the New York Supreme Court seeking $8.5 million in damages for alleged written defamation, libel, defamation per se, and tortious interference with prospective business relations. In both actions, Defendant served Plaintiff process for the New York legal proceedings in South Carolina. (*Id*. at 13, 16). Plaintiff alleges that the two New York based lawsuits brought against her were frivolous, were brought and "prosecuted with malice," and ended in her favor. (*Id.* at 7, 21). She alleges that Defendant's actions were motivated by "retaliation, intimidation, and harassment, and the deliberate infliction of psychological, physical, medical, and financial harm on Plaintiff." (*Id.* at 9).

Plaintiff alleges that she was diagnosed with Multiple Sclerosis ("MS") in 2020. She further alleges that Defendant was aware of her MS diagnosis and that her condition was exacerbated with stress. (*Id*. at 11). Plaintiff alleges that her MS was "aggravated" by Defendant's New York lawsuits brought against her. (*Id*. at 9). Plaintiff attached to her Complaint a transcript

---

[2] As discussed more fully below, in passing upon a motion to dismiss for lack of personal jurisdiction, a plaintiff is entitled to have the Court construe "all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4h Cir. 1989). The Court may consider in a challenge to personal jurisdiction supporting evidence outside the complaint. *Id*. Further, in addressing whether a plaintiff states a claim under Rule 12(b)(6), the Court must limit itself to the four corners of the complaint and read all facts plausibly alleged in a light most favorable to the plaintiff as the non-moving party. *E. Shore Mkts. Inc. v. J.D. Associates Ltd. Partnership*, 213 F. 3d 175, 180 (4th Cir. 2003).

which contained the following statement by Defendant to her ex-husband, who is Plaintiff's brother:

> I hate your sister more than I think I've ever hated anything in my life. If a knife went in her, I would look at her and say [']Fuck You.['] That is how much I hate her . . . . I hope her MS fucking kicks in hardcore . . . I don't care. I don't care. I hate her.

(*Id*. at 11-12).

The New York Family Court dismissed the claim brought by Defendant against Plaintiff for Harassment 1st on the following basis:

> A person is guilty of Harassment in the first degree "when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury." New York Penal Law § 240.25. Petitioner does not allege repeated harassment where Respondent followed her in or about a public place. Petitioner does not allege that Respondent's actions put her in a reasonable fear of physical injury. Petitioner does not allege a course of conduct. Petitioner does not make any allegations, which even if viewed in a light most favorable to her, would constitute Harassment in the first degree.

(Dkt. No. 4-1 at 85) (cleaned up).

Plaintiff alleges that five days after the New York Family Court dismissed the Harassment 1st action, Defendant initiated a civil action in the Supreme Court of New York against her by filing a Verified Summons with Notice requiring Plaintiff to "appear in this action" within twenty days or face a judgment in the amount of $8.5 million. (*Id*. at 35-36). Plaintiff retained New York counsel, appeared within the twenty day period, and demanded a complaint be served within twenty days, as required under New York civil procedure rules. (*Id*. at 96). No complaint was ever served by Defendant. Plaintiff removed the action to federal court in the Southern District of New York and moved to compel Plaintiff to file a complaint. United States District Judge Jessica G.L. Clark granted the motion and ordered that "Plaintiff [Defendant Nicosia] shall file her Complaint

by May 8, 2026." (*Id*. at 97). Rather than comply with the Court's order, Defendant gave notice of a voluntary dismissal of the case. (*Id*. at 39). Plaintiff alleges that Defendant's dismissal of the civil action brought against her was part of "a pattern of abusing the legal system to target Plaintiff and her family." (*Id.* at 7).

Defendant removed the instant matter to this court on July 2, 2026. Defendant filed a motion to dismiss this action on August 3, 2026. (Dkt. No. 8). The matter has been fully briefed and is ripe for disposition.

## II. Legal Standard

### A. Dismissal Under Rule 12(b)(2)

An out of state defendant can move to dismiss an action under Federal Rule of Civil Procedure 12(b)(2) on the basis that the plaintiff lacks personal jurisdiction over her. When the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memorandum, and the allegations in the complaint, the plaintiff need only make a prima facie showing of personal jurisdiction to survive a jurisdictional challenge. *Combs*, 886 F.3d at 676; *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993). When determining whether a plaintiff has made the requisite prima facie showing, the court must view the allegations and available evidence relating to personal jurisdiction in a light most favorable to the plaintiff. *Comb*s at 886 F.3d at 676; *Mylan Labs*, 2 F.3d at 60. The burden to establish a prima face case of personal jurisdiction rests with the plaintiff by a preponderance of the evidence.

For a plaintiff to establish personal jurisdiction over an out of state defendant, the plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction; and (2) that the exercise of personal jurisdiction complies with constitutional due process requirements. *See Christian Science Board of Directors of the First Church of Christ v. Nolan*, 259 F.3d 209, 215

(4th Cir. 2001). Since South Carolina's long-arm statute extends to the constitutional limits of due process, the only inquiry is whether is whether due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999).

South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803(A)(3), provides that a "court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from a person's . . . commission of a tortious act in whole or in part in this State." In a malicious prosecution or abuse of process claim arising out of a suit brought by an out of state party against a South Carolina resident, the service of process on the South Carolina citizen within South Carolina constitutes a part of the tortious act. *See Vishay Intertechnology, Inc. v. Delta International Corporation*, 696 F.2d 1062, 1065, 1067 (4th Cir. 1982); *MHA Financial Corp. v. Varenko Investments, Ltd.*, 583 F.Supp.2d 173, 180 (D. Mass. 2008).

In order to obtain personal jurisdiction over an out of state defendant, due process requires that a defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This can be met by either general or specific personal jurisdiction.[3] To meet the fair play and substantial justice standard, the plaintiff must show that the defendant purposely availed herself of the privilege of conducting business in the forum or is otherwise connected to the forum so that she "should reasonably

---

[3] Plaintiff makes no claim that she has general jurisdiction over Defendant. She asserts only that she has specific jurisdiction over Defendant.

anticipate being haled into court there." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014).

The Fourth Circuit has held that "if an out-of-state defendant causes abusive process to be served upon an in-state plaintiff, and the plaintiff subsequently sues the defendant in plaintiff's state, the state wherein the alleged abusive service of process was served, on a cause of action arising out of such abusive service of process, personal jurisdiction exists over the out-of-state defendant." *Vishay*, 696 F. 2d at 1067; *see also MHA Financial*, 583 F. Supp. 2d at 178-80 (personal jurisdiction proper over an out of state party which initiated abusive suit against in-state resident by service of process); *Hamilton, Miller, Hudson & Fayne Travel Corp. v. Hori*, 520 F. Supp. 67, 70 (E.D. Mich.1981) (where an out of state party instituted a malicious prosecution against an in-state resident through service of process, out of state party is within personal jurisdiction of the state where the abusive process was served).

B. <u>Dismissal Under Rule 12(b)(6)</u>

Rule 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. Our inquiry is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must accept the

facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

## III. Discussion

### A. Personal Jurisdiction over Defendant Nicosia:

Plaintiff, a South Carolina resident, asserts that the Defendant, a resident of New York, brought frivolous and abusive suits against her in New York courts for malicious purposes. Defendant initiated two suits against Plaintiff, one in the New York Family Court and one in the Supreme Court of New York. These two suits were initiated by service of process on Plaintiff in South Carolina. Plaintiff asserts a number of claims against Defendant, including malicious prosecution and abuse of process. The only connection of Defendant to the State of South Carolina was through the retaining of a process server to effectuate personal service on Plaintiff in South Carolina in the two New York actions.

The service of process on a South Carolina resident within the state by an out of state defendant may subject the out of state defendant to the personal jurisdiction of South Carolina courts in actions for abuse of process and malicious prosecution. Under South Carolina's long-arm statute, the service of process within South Carolina by an out of state defendant is a part of the tortious acts of abuse of process and malicious prosecution. Further, it is well settled that in malicious prosecution and abuse of process cases, the single act of effectuating service by an out of state defendant on an in-state resident is sufficient "minimum contacts" to establish personal jurisdiction over the out of state defendant. *Vishay*, 696 F.2d at 1067. The service of process is an important element of claims for malicious prosecution and abuse of process, and it is reasonably foreseeable that the out of state defendant could be haled into a South Carolina court for bringing

abusive and malicious litigation against a South Carolina resident in another state. *MHA Financial*, 583 F. Supp. 2d at 179-80.

Based upon the facts alleged in the Complaint, Plaintiff has carried her burden of showing at this stage of the litigation that Defendant is subject to personal jurisdiction in South Carolina regarding what is alleged to have been abusive, frivolous, and malicious litigation brought against Plaintiff in New York State and which was effectuated by service of process on Plaintiff in South Carolina. Consequently, Defendant's motion to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) is denied.

B. Choice of Law:

Defendant argues that New York law controls. Plaintiff argues that South Carolina law controls. Both recognize that the substantive law of the two states regarding Plaintiff's causes of action are not substantively different, making the choice of law an academic question. (Dkt. Nos. 8 at 4; 10 at 8).

The choice of law is determined by the rules of the forum state. South Carolina follows the principle of *lex loci delicti*, which is determined by where the injury occurred, not where the results of the injury were felt or where the damages were suffered. *Rogers v. Lee*, 777 S.E.2d 402, 407 (S.C. App. 2015). In Plaintiff's claims, the injuries allegedly occurred as a result of the filing and pursuing of abusive, meritless, and harassing litigation in two separate proceedings in New York. *Coker v. Norwich Commercial Group, Inc.*, 2021 WL 4037472, at *4 (D.S.C. 2021) (abuse of process and malicious prosecution subject to the law of the forum where allegedly abusive suits were filed). This result is consistent with Restatement (Second) of Conflicts of Law § 155, which provides that malicious prosecution and abuse of process cases "are determined by the local law of the state where the proceeding complained of occurred" unless some other state has a more

significant relationship with the claim. Under these circumstances, the Court finds that New York law controls, although this conclusion is an academic issue since the laws of New York and South Carolina are substantially similar regarding claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress.

C. Whether Plaintiff's Complaint States a Claim:

Defendant argues that Plaintiff failed to allege in her Complaint sufficient facts to support her claims for malicious prosecution, abuse of process, and intentional infliction of emotional distress. The Court addresses each of these arguments below:

1. Malicious Prosecution:

New York law recognizes a civil action for malicious prosecution where (1) the defendant initiated an action against the plaintiff; (2) the suit was begun with malice; (3) without probable cause to believe it could succeed; (4) the litigation terminates in favor of plaintiff; and (5) the plaintiff suffered some special injury to her property or person beyond the burden of defending the lawsuit. *Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998).[4]

Plaintiff has identified two different legal proceedings for which she asserts claims for malicious prosecution. The first of these claims was brought against Plaintiff by Defendant in New York Family Court alleging a cause of action for Harassment First. Family Court Judge Amanda B. Brady dismissed this action, finding that Defendant's claim lacked any legal merit. (Dkt. No. 4-1 at 82-86). This was plainly a dismissal on the merits in Plaintiff's favor. Plaintiff's Complaint alleges that the Family Court suit was frivolous and brought as a method of harassment

[4] South Carolina recognizes a civil action for malicious prosecution if the plaintiff can show: (1) the institution of judicial proceedings; (2) by or at the instance of the defendant; (3) termination of the proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause; and (6) resulting injury or damage to plaintiff. *Gecy v. Somerset Point at Lady's Island Homeowner's Association, Inc.*, 828 S.E.2d 73, 77-78 (S.C. App. 2019).

and was motivated by malicious intent. The question of whether there was probable cause under these facts is, at a minimum, a jury question but Judge Brady's dismissal order may well make this an issue the Court can dispose of as a matter of law. Further, Plaintiff asserts that she suffered a worsening of her MS condition and other health problems associated with the stress of this litigation. At this stage, Plaintiff has stated a plausible cause of action for malicious prosecution involving the New York Family Court lawsuit against Plaintiff.

The assertion of a claim of malicious prosecution involving the civil proceeding in the New York Supreme Court is a closer question. The key issue is whether Defendant's voluntary dismissal of the suit was a termination in favor of Plaintiff. Under normal circumstances, a voluntary dismissal does not constitute a termination in favor of the opposing party for purposes of a claim of malicious prosecution. However, Restatement (Second) of Torts § 674, which frequently has been cited and relied upon by New York courts, recognizes that "the withdrawal of the proceedings by the person bringing them" can in some instances be regarded as a termination in favor of the opposing party depending "upon the circumstances under which the proceedings were withdrawn." Restatement (Second) of Torts § 674, Comment (j); *see* Barry A. Lindahl, Modern Tort Law: Liability and Litigation 39:7 (2nd Ed. June 2026 Update) (noting "[a]bandonment or a civil lawsuit" may constitute a favorable determination for the defendant where "such abandonment or withdrawal was not accompanied by a compromise or settlement, or accomplished in order to refile the action in another forum")

In regard to the New York Supreme Court proceeding, Defendant brought the action under New York Civil Practice Law and Rules ("CPLR") § 3012, which allows a plaintiff to initiate a suit by way of a Verified Summons with Notice. The defendant is given notice that a failure to appear can result in a default judgment. Defendant's Verified Summons demanded $8.5 million

but gave the barest of details to support her claim. (Dkt. No. 4-1 at 35-36). Under CPLR § 3012(b), the defendant may appear and make a Demand for Complaint. Upon receipt of a demand for a complaint, "[s]ervice of the complaint shall be made within twenty days after service of the demand." *Id.*

Plaintiff retained New York counsel and made a timely demand for a verified complaint to Defendant. Defendant failed to file the complaint as mandated under New York civil procedure rules. Plaintiff then removed the case to federal court. United States District Judge Clarke, sitting in the Southern District of New York, thereafter issued an order that Plaintiff "shall file her Complaint by May 8, 2026." (Dkt. No. 4-1 at 97). Rather than file her complaint setting forth her allegations against Plaintiff— as mandated by New York civil court rules and the order of a federal judge—Defendant dismissed her case in federal court on May 1, 2026. (*Id*. at 98). Plaintiff alleges this conduct fits a pattern of behavior by Defendant in which she brings meritless cases and then dismisses them when the opposing party retains counsel and appears. *See* (*id*. at 7).

Under these circumstances and at this preliminary stage of the litigation, the Court finds that Plaintiff has made a sufficient showing that Defendant's withdrawal or abandonment of the New York State Supreme Court action was conducted in a manner that was indicative of a lack of merit of the claims. Consequently, the Court denies the motion to dismiss the malicious prosecution claim regarding the New York Supreme Court action.

2. <u>Abuse of Process</u>:

An abuse of process claim under New York law requires a showing that (1) the defendant regularly issued process in a civil proceeding; (2) with an intent to harm without excuse or

justification; and (3) the use of process by the defendant in a "perverted manner to obtain a collateral advantage." *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. Ct. App. 1984).[5]

New York state civil procedures allow a plaintiff to initiate a suit simply by filing a verified summons, which does not require the plaintiff to set forth a claim in sufficient detail to determine whether a plausible claim has been alleged. This privilege of filing simply a summons is conditioned on the plaintiff, in response to the Defendant's demand, to produce within twenty days a complaint setting forth the legal and factual basis of her actions. Defendant here filed her verified summons before the New York Supreme Court, received a demand for a complaint, and ignored the demand to produce a complaint. The duty to produce a complaint under these circumstances was not a matter of choice or discretion. The rule provides that "service of the complaint *shall* be made within twenty days after service of the demand." CPLR § 3012(b) (emphasis added). Plaintiff then removed the case to federal court and moved to compel Defendant to produce the complaint. The presiding federal judge followed that motion with an order directing that "Plaintiff [Defendant Nocosia] *shall* file her Complaint by May 8, 2026." (Dkt. No. 4-1 at 97) (emphasis added). In the face of these two mandatory directives, Defendant dismissed her suit rather than produce the required complaint. Plaintiff further alleges this conduct was part of a pattern of abusive litigation tactics conducted by Defendant "to target Plaintiff and her family." (*Id.* at 7).

Assuming at this stage of the litigation that the facts alleged in the complaint are true, this type of conduct constitutes an abuse of process under New York law. The privilege of initiating a

---

[5] The "essential elements of abuse of process" under South Carolina law include (1) "an ulterior purpose;" and (2) "a willful act in the use of the process not proper in the regular conduct of the proceeding." The plaintiff must allege "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Huggins v. Winn-Dixie Greenville, Inc.*, 153 S.E. 2d 693, 694 (S.C. 1967) (*citing* Prosser, Handbook on the Law of Torts, Second Ed., § 100, at 668).

suit in New York state court with simply a summons carries with it a duty to file a complaint on demand. If Defendant engaged in a scheme to harass Plaintiff by starting a suit in a foreign state and then withdrawing it after the defendant retained counsel and demanded the complaint, this would state a plausible claim of abuse of the New York legal process.

3. Intentional Infliction of Emotional Distress:

New York recognizes a cause of action for intentional infliction of emotional distress where the plaintiff makes a showing of (1) extreme and outrageous conduct; (2) with the intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the plaintiff's injury; and (4) severe emotional distress. *Finley v. Przybylowski*, 2026 WL 1018997, at *4 (S.D.N.Y. April 15, 2026). The challenged conduct of the defendant must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). Further, it is well established under New York law that the "[c]ommencement of litigation," whether civil or criminal, cannot form the basis for an IIED claim. *Walentas v. Johnes*, 683 N.Y.S.2d 56, 358 (App. Div. 1999).[6]

Plaintiff alleges that she suffers from MS and that the Defendant was well aware that her condition was subject to exacerbation with stress. Plaintiff further asserts that Defendant had

---

[6] South Carolina also recognizes the cause of action of intentional infliction of emotional distress, often referred to as the tort of "outrage" with similar demanding standards. A plaintiff can assert a claim of outrage if she satisfies the following elements: (1) "the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from h[er] conduct;" (2) the defendant's conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community;" (3) the actions of the defendant caused the plaintiff's emotional distress," and (4) "the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to endure it." *Ford v. Hutson*, 276 S.E. 2d 776, 778 (S.C. 1981), *citing* with approval *Vicnire v. Ford Motor Co.*, 401 A.2d 148, 154 (Me. 1979).

expressed a hope that Plaintiff's "MS fucking kicks in hardcore." (Dkt. No. 4-1 at 7). Additionally, Plaintiff alleges that due to Defendant's multiple harassing lawsuits and her machinations of the New York procedural rules which required her to twice retain counsel to defend herself, her MS worsened, she suffered stress related hair loss, and experienced "profound and continuing disruption of her daily life." (*Id.* at 9).

New York law disfavors claims for intentional infliction of emotional distress and has established that simply commencing a frivolous or harassing lawsuit is not sufficient to support an infliction of emotional distress claim. Plaintiff alleges far more than the garden variety frivolous lawsuit in her Complaint. She alleges that Defendant had a passionate hatred for her and expressed the "hope" that her MS "fucking kicks in hardcore." She sued Plaintiff, a South Carolina resident, initially in New York Family Court for alleged harassment. A New York Family Court judge found that the claim of harassment lacked many of the essential elements of the claim under New York law and dismissed it. Five days later, Defendant sued Plaintiff a second time in the New York Supreme Court utilizing a Verified Summons to initiate her lawsuit. When Plaintiff appeared and demanded the submission of a complaint, Defendant failed to comply with established New York law that required her to produce the complaint within 20 days. Plaintiff removed the case to federal court, and the presiding federal judge ordered Defendant to produce the required complaint. Instead, Defendant took a voluntary nonsuit, never producing a pleading setting forth her claims against Plaintiff.

This pattern of conduct by Defendant, allegedly motivated by a hatred of Plaintiff and a "hope" to worsen her MS, is one of those rare set of circumstances in which a plaintiff is able to meet the demanding standards of New York case law at the motion to dismiss stage to state a

plausible claim for intentional infliction of emotional distress. Consequently, the Court denies Defendant's motion to dismiss the intentional infliction of emotional distress cause of action.

In addressing the Defendant' motion to dismiss, the Court is fully aware that it has received only Plaintiff's view of the facts. That is the nature of a motion to dismiss. Defendant will have every opportunity to conduct discovery and thereafter assert in a dispositive motion and, if necessary, at trial her version of the facts in this matter. But at this stage of the litigation and under the standards for addressing motions to dismiss, Plaintiff has set forth sufficient information to carry her burden of asserting plausible causes of action regarding all three of her claims.

## IV. Conclusion

Based on the foregoing, the Court denies Defendant's motion to dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 8).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Court Judge

September 11, 2026
Charleston, South Carolina